MARTIN and others, Plaintiffs in error, vs. THE STATE, Defendant in error.

*December 6, 1940—January 7, 1941.*

572

For the plaintiffs in error there were briefs by *Corrigan & Backus* of Milwaukee, and oral argument by *Walter A. Backus.*

For the defendant in error there was a brief by the *Attorney General, William A. Platz,* assistant attorney general, *Scott K. Lowry,* district attorney of Waukesha county, and *Winfred C. Zabel,* special assistant district attorney, and oral argument by *Mr. Platz.*

FAIRCHILD, J. One of the grounds of the attorney general's motion is that a writ of error does not lie to review the order of the trial court in which it denied the motion of plaintiffs in error, hereafter referred to as "defendants," for an injunction against the clerk of the circuit court and the sheriff because it is not in the nature of a final judgment. When this case was reached upon the assignment, the court was of the opinion that the writ did not lie and that the court was powerless to review the proceedings had on the petition of the defendants after judgment, and the writ was ordered dismissed. A motion for a rehearing was immediately made. Because of the serious question involved, to wit, whether the defendants ought to be imprisoned if they have the right to have the time of the stays considered as service of their sentences, we have given the matter further consideration and conclude that it was proper to dismiss the writ of error on the ground suggested by the attorney general.

A writ of error as a reviewing device has been preserved by our state constitution. Sec. 21, art. I. While frequently used, the limitations and scope have at times been seriously debated. The general rule is that the writ lies after final judgment, or after an order in the nature of a final judgment,

rendered in a court of law, to correct some supposed mistake which is apparent on the face of the record. *Jackson v. State,* 92 Wis. 422, 66 N. W. 393; *Ogden v. State,* 162 Wis. 500, 156 N. W. 476. Before the decision of *State ex rel. McCaslin v. Smith,* 65 Wis. 93, 26 N. W. 258, there was some doubt as to whether the writ was proper when a person's rights were involved in a *habeas corpus* proceedings. The court there said at page 97:

"There is no express provision made by statute for reviewing such a decision of the circuit court, but we are inclined to hold that it may be had on a writ of error. The order made in such a proceeding by the court is in the nature of a final judgment, and the policy of our constitution and laws is to allow a review of such an adjudication; and it is most in accord with our rules of practice and the analogies of the law to allow this to be done on writ of error."

Before that decision an order in the nature of a final judgment usually was one ending a proceeding and preventing a final judgment. The uncertainty which arose at that time over the propriety of that ruling resulted in legislative action which is now embodied in sec. 274.05, Stats., expressly authorizing a writ of error to review the action of a lower court in *habeas corpus* proceedings.

Every order, although dealing with a substantial right, is not an order in the nature of a final judgment. In *Jackson v. State, supra,* the ruling on a motion after judgment for a new trial was expressly held not to be an order in the nature of a final judgment, and that consequently a writ of error did not lie. An order in the nature of a final judgment to be reviewed by a writ of error would include orders which dismiss the action before judgment is entered. It was held in *State v. Meen,* 171 Wis. 36, 176 N. W. 70, that an order of the court discharging the accused for want of sufficient evidence to sustain a verdict of guilty is a final order. While that case is not particularly in point on the question of what may be

reviewed by a writ of error, it does indicate what is meant by the phrase "order in the nature of a final judgment."

In *Lovesee v. State*, 137 Wis. 94, 118 N. W. 553, it was held that the fact that a judgment was not entered in a criminal case was not sufficient ground for refusing to consider a writ of error, but the scope of the writ of error was not deemed broad enough to encompass a motion for a new trial under sec. 358.11, Stats., and the writ in that case was dismissed. In *Jackson v. State, supra,* the court expressly ruled that such an order was not one to be reviewed upon a writ of error. After that case a statute which is now sec. 358.06 was passed, granting a writ of error in cases where a motion for a new trial was made after the judgment was entered.

There is no statutory authority for the trial court's order as made in this instance. Inasmuch as the writ of *habeas corpus* will supply the defendants with an adequate remedy to restore any rights that may have been taken from them, we are impelled to grant the motion of the attorney general and dismiss the writ.

*By the Court.*—Writ dismissed.