STATE EX REL. FURLONG, Respondent, v. WAUKESHA COUNTY COURT and others, Appellants.

*No. 264. Argued May 1, 1970.—Decided June 5, 1970.*
(Also reported in 177 N. W. 2d 333.)

516

518

520

For the appellants the cause was argued by *Betty R. Brown,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, and *Roger P. Murphy,* district attorney of Waukesha county.

For the respondent there was a brief by *Lowry, Hunter & Tikalsky* of Waukesha, and oral argument by *Scott V. Lowry.*

WILKIE, J.

## I. *Prohibition.*

The first issue confronting this court is whether prohibition in the circuit court was the proper method for defendant to test the criminal action against him in the county court.

We have considered this very issue in a number of recent decisions.[3] ". . . Prohibition will not lie whenever habeas corpus or other adequate remedy is available." [4]

Defendant seeks to suppress any prosecution based on evidence seized as a result of the search warrant which he contends was illegally issued.

The skeletal framework of defendant's syllogism is: The search warrant issued by Judge DANCEY was constitutionally defective; the defendant was arrested as a result of evidence obtained during an illegal search; therefore, defendant's arrest is invalid.

The record reveals that this argument or a variation thereof has consistently been made by the defendant throughout this action, and further, that the above syllogism provided the basis for Judge VOSS'S reasoning in granting the writ of prohibition absolute.

But defendant could test his contentions by habeas corpus. Prohibition was inappropriate when this other

---

[3] *See State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 173 N. W. 2d 175; *State ex rel. Jefferson v. Roraff* (1969), 44 Wis. 2d 250, 170 N. W. 2d 691; *State ex rel. Dore v. Stoltz* (1969), 42 Wis. 2d 534, 167 N. W. 2d 214, and cases cited therein.

[4] *State ex rel. Cullen v. Ceci, supra,* footnote 3, at page 440.

adequate remedy, habeas corpus, was available for testing this alleged illegal search.[5]

## II. *Assumed proper jurisdiction to test search.*

While prohibition was not the proper remedy and, in any event, the circuit court should not have barred prosecution of Furlong for his alleged crimes, it was within the circuit court's power to declare Furlong's arrest illegal based as it was on evidence seized as a result of a search made under cover of an illegal search warrant. Since Furlong could reach this by habeas corpus, we will regard Furlong's petition to the circuit court as being a petition for habeas corpus.

## III. *Search.*

So the issue now is: Was the search illegal?

The search of the Furlong premises was accomplished by virtue of a search warrant issued by Judge DANCEY. It is well established that a search warrant may issue only upon a finding of probable cause by a neutral and detached magistrate.[6] The probable cause necessary to be shown for the issuance of a search warrant is less than the evidence which would justify condemnation or be competent in a preliminary examination. It is permissible in this state for a search warrant to be issued based on hearsay information.[7] However, the magistrate must be informed in the manner provided by sec. 963.02, Stats., of the underlying circumstances supporting the complainant's averment that the informant, whose identi-

---

[5] *State v. Kanieski* (1966), 30 Wis. 2d 573, 141 N. W. 2d 196; *Wolke v. Fleming* (1964), 24 Wis. 2d 606, 129 N. W. 2d 841; certiorari denied, 380 U. S. 912, 85 Sup. Ct. 897, 13 L. Ed. 2d 798.

[6] *See State v. Beal, supra,* footnote 1.

[7] *Id.* at page 614.

ty by name need not be disclosed, was credible or his information reliable.[8]

The rules applicable at the time as to the required showing of the reliability of an informant were those of *Aguilar v. Texas*.[9] Mr. Justice HEFFERNAN, in *State v. Williams*, decided June 2, 1970, quoted *Aguilar* as follows:

" 'Although an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v. United States*, 362 U. S. 257, the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed, see *Rugendorf v. United States*, 376 U. S. 528, was "credible" or his information "reliable." Otherwise, "the inferences from the facts which lead to the complaint" will be drawn not "by a neutral and detached magistrate," as the Constitution requires, but instead, by a police officer "engaged in the often competitive enterprise of ferreting out crime," *Giordenello v. United States, supra,* at 486; *Johnson v. United States, supra,* at 14, or, as in this case, by an unidentified informant.' *Aguilar, supra,* at 114, 115." [10]

Detective Johnson, at the time he testified to obtain the warrant, asserted that the informant was reliable and that he had dealings with him in the past and that the informant had proven reliable. Subsequent testimony by Detective Johnson flatly contradicted these assertions. At the July 9th hearing it was established that Detective Johnson had had no previous dealings with the infor-

---

[8] *Id.,* citing *Aguilar v. Texas* (1964), 378 U. S. 108, 114, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723.

[9] *Supra,* footnote 8. Requirements of *Aguilar* were expanded by *Spinelli v. United States, supra,* footnote 2, decided after the search warrant was issued in this case and therefore inapplicable.

[10] *State v. Williams,* ante, p. 242, 177 N. W. 2d 611.

mant; therefore, it would be impossible for him to personally attest to the informant's reliability.

It appears that while it may be conceded that the second prong of the *Aguilar* test can be met by the facts in this record, the first prong has not been satisfied. The state's argument that Detective Johnson, when answering questions as to the reliability of the informant, thought that the "you" used in the questions was collective referring to the Waukesha Sheriff's Department, is untenable. The detective was specifically asked whether he personally was acquainted with the informant, to which he replied affirmatively.

Thus, it is submitted there was not sufficient probable cause for Judge DANCEY, acting as magistrate, to issue the search warrant. It may well be that Judge DANCEY had information other than what appeared in the record which would establish probable cause. In fact, it is apparent from the record itself that not everything brought to the judge's attention was reported on the record. The illustration of this is that Judge DANCEY himself was the first to refer to the defendant by name. It is impossible on review to know what this other information was: ". . . It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention." [11]

## IV. *Arrest.*

The remaining issue and perhaps the underlying issue of this entire discussion is: Can an arrest be based on an invalid search?

The circuit court concluded that it could not. We agree.

It is apparent that the purpose of the police in entering the Furlong premises was not to make an immediate

[11] *Aguilar v. Texas, supra,* footnote 8, at page 109, note 1 (emphasis in original).

arrest for a crime that had been or was being committed, but rather for the purpose of searching the premises and obtaining information upon which an arrest might then be made. This fact is evidenced by the abortive search warrant. Since, as has been submitted, the search warrant was invalid, it can be treated as if it did not exist. Then this case is analogous to *Allen v. State*,[12] a prohibition era case, wherein the defendant was stopped by two police officers and asked if he had liquor on his person, to which he replied affirmatively. A search followed and a pint of liquor was found on the defendant. An arrest followed, based upon the evidence obtained by the search. Defendant's conviction was reversed by this court, which said:

"Had the officers made a legal arrest they would have been justified in their search of the defendant. Or had the officers made a legal search of the defendant they would have been justified in making an arrest upon finding defendant violating the law. But the officers did neither. They had no warrant to arrest; they had no warrant to search. So, assuming that the arrest was made before the search, the arrest was illegal and the search following was illegal; or, assuming the search was made before the arrest, the search was illegal and the arrest based thereon without a warrant was illegal." [13]

In *Allen*, as in the instant case, in the absence of the results of the search there was no probable cause for the arrest. To justify a search as an incident of a lawful arrest the officers must either have a warrant for the arrest or probable cause therefor before the search is made. However, it is not necessary that the arrest be actually made prior to the search. The point is that

---

[12] (1924), 183 Wis. 323, 197 N. W. 808.

[13] *Id.* at page 333; *see also: Browne v. State* (1964), 24 Wis. 2d 491, 506, 129 N. W. 2d 175, 131 N. W. 2d 169. *See generally:* Annot. *Search and Seizure Before Arrest* (1963), 89 A. L. R. 2d 715.

the validity of the arrest must not depend upon the result of the search but the grounds of arrest must exist independently thereof.[14]

In this case, Detective Johnson testified that the only basis for arrest was the evidence recovered during the search. This arrest was invalid. Therefore, the Waukesha county court had no jurisdiction over defendant and an order was properly issuable barring any prosecution based on the evidence obtained as a result of the search made under the authority of the illegally issued search warrant. But Furlong can still be prosecuted on the basis of any other evidence that the state may possess. This may be especially true as to count one of the June 13, 1968, complaint pertaining to the alleged possession of dangerous drugs on June 10, 1968, in violation of sec. 151.07 (7), Stats.

Although we agree with the net result of the trial court's disposition of this cause except for the extent of its prohibition writ, we must reverse and remand for further proceedings for the entry of a proper order under habeas corpus and in accordance with the holdings embodied in this opinion.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.

ROBERT W. HANSEN, J. (*dissenting*). The writer concurs with the reversal, but dissents from the remand. The appeal is from the issuance of a writ of prohibition absolute. The majority opinion concedes that "prohibition was not the proper remedy." However, the majority refashions the writ of prohibition into a writ of habeas corpus, and returns the matter to the circuit court for relabeling of the action taken. We find no compelling reason for this court "regarding" a writ of prohibition absolute as a different type of writ in order to, even in part, sustain it. Additionally, we have serious doubts as

---

[14] *See* Platz, *Work of the Wisconsin Supreme Court,* 1946 Wis. L. Rev. 53, 54.

to whether the retailored garment fits the situation. Here the defendant, arrested in June of 1968, is and has been at liberty and not deprived of his liberty ever since. *See:* Annot. *Right of one at large on bail to writ of habeas corpus,* 77 A. L. R. 2d 1307, 1308; *Odell v. Haas* (D. C. Wis.), 280 Fed. Supp. 208. The sole purpose and effect of the writ was to prevent the county court from holding a preliminary hearing and ruling on all issues there raised. The label is changed but the substance of what is accomplished is unchanged. In a recent case, this court held that prohibition was improper since there was a different adequate remedy available, and there the court did not refashion and rename the writ to accommodate the petitioner. *State ex rel. Cullen v. Ceci* (1970), 45 Wis. 2d 432, 173 N. W. 2d 175. The writ of prohibition there was dismissed. Period. The writ of prohibition here should be dismissed. Period.

I am authorized to state that Mr. Justice LEO B. HANLEY and Mr. Justice CONNOR T. HANSEN concur in this dissenting opinion.