STATE, Respondent, v. RYBACK, Appellant.

*No. State 54. Submitted under sec. (Rule) 251.54 June 5, 1974.—*
*Decided June 28, 1974.*
(Also reported in 219 N. W. 2d 263.)

The cause was submitted for the appellant on the briefs of *James C. Wood* of Milwaukee, and for the respondent on the brief of *Robert W. Warren,* attorney general, and *Steven B. Wickland,* assistant attorney general.

ROBERT W. HANSEN, J.   While issues are raised as to sufficiency of the complaint and as to whether defendant's surrender of the marijuana to the arresting officer was voluntary, the threshold question is that of appealability of a disposition, under sec. 161.47 (1), Stats., that, with the consent of a defendant, results in no judgment of conviction.

The statute involved, enacted in 1971, provides:

"**161.47 Conditional discharge for possession as first offense.** (1) Whenever any person who has not previously been convicted of any offense under this chapter, or of any offense under any statute of the United States or of any state relating to narcotic drugs, marijuana or stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under s. 161.41 (3), the court, *without entering a judgment of guilt and with the consent of the accused,* may defer further proceedings and place him on probation upon terms and conditions. *Upon violation of a term or condition, the court may enter an adjudication of guilt* and proceed as otherwise provided.  Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. *Discharge and dismissal under this section shall be without adjudication of guilt* and is not a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for 2nd or subsequent convictions under s. 161.48. There may be only one discharge and dismissal under this section with respect to any person."  (Emphasis supplied.)

The offense here charged being a misdemeanor, the 1971 statute providing for misdemeanor appeals applies, providing in material part:

"974.01 **Misdemeanor appeals.** (1) Appeals from the county court in misdemeanor cases are to the circuit court for the county on the record. Appeals from the circuit court in misdemeanors are to the supreme court.

"(2) Within 15 days *after judgment,* appeal may be taken to the circuit court by filing a notice of appeal with the clerk of the trial court and by serving notice of appeal on the opposing party or his attorney.

". . .

"(6) On appeal, the circuit court *has power* similar to that of the supreme court under ch. 274 *to review and to affirm, reverse or modify the judgment appealed from,* and in addition it may order a new trial in whole or in part, which shall be in the circuit court." (Emphasis supplied.)

This statutory provision for appeals from the county court to the circuit court in misdemeanor cases is limited to the appeals of "judgments." The circuit court power to affirm, reverse or modify is limited to "the judgment appealed from." A predecessor statute provided for a broader area of circuit court review. That statute, sec. 974.01 (2), Stats. 1969, read as follows:

"974.01 . . .

"(2) Within 15 days after judgment or entry of the order appealed from, appeal may be taken to the circuit court by filing a notice of appeal with the clerk of the trial court and by serving notice of appeal on the opposing party or his attorney. If a motion for a new trial has been made within the 15 day period, an appeal from a judgment of conviction may be taken within 15 days after entry of the order denying the motion or within 15 days after such motion is deemed overruled."

The underlined language in the predecessor statute was deleted by ch. 298, sec. 22, Laws of 1971. Where a statute is clear on its face and unmistakable as to its meaning, it is not necessary to refer to a predecessor statute and changes made to aid in the construction and application of the statute. (*See: Tanck v. Clerk, Middleton Jt. School Dist.* (1973), 60 Wis. 2d 294, 303, 210

N. W. 2d 708.) This court has held that an order denying postconviction relief in a misdemeanor case is appealable under sec. 974.01, Stats., but this is so because such order ". . . is treated as a judgment under sec. 974.06 (7). . . ." (*State v. Brice* (1973), 61 Wis. 2d 397, 400, 212 N. W. 2d 596.) The *Brice Case* states, ". . . Judgments in misdemeanor cases are appealable to the circuit court under sec. 974.01. . . ." (*Id.* at page 400.) There is no judgment where the disposition authorized by sec. 161.47 is made in a misdemeanor case, so such disposition is not appealable to the circuit court for review. The judgment of the circuit court affirming the disposition of the misdemeanor case as made by the county court is void for want of subject-matter jurisdiction. (*See: State v. Jakubowski* (1973), 61 Wis. 2d 220, 224, 212 N. W. 2d 155.)

With the circuit court's attempted review of the county court disposition held to be a nullity, it is suggested that this court could and should consider the issues raised as if they had been brought directly to this court by appeal or otherwise. Even if the disposition could be thus directly appealed to this court, the suggestion would be rejected. In *Jakubowski*, this court not only held void an order of the circuit court reviewing an order of the county court in a misdemeanor case, but held as well that, ". . . an appeal from that order thus must be dismissed." (*Id.* at page 224.) The court cited an earlier case, the *Jenkins Case*, holding that, in the absence of statutory authorization for appeals from county court to circuit court, with the proper route that of direct appeal to this court, ". . . appellant's failure to follow the statutory procedures for appeal is fatal in the instant action." (*State ex rel. Jenkins v. Fayne* (1964), 24 Wis. 2d 476, 480, 129 N. W. 2d 147.)

Additionally, we hold that the unique deferral of conviction authorized by sec. 161.47, Stats., with the record

to be expunged upon meeting probation terms and conditions, is neither a judgment nor order in the nature of a judgment that is appealable directly to this court. Where the procedure for appeal from county court to the circuit court is legislatively provided, it is exclusive. (*State v. Omernik* (1972), 54 Wis. 2d 220, 224, 194 N. W. 2d 617, quoting *State ex rel. Murphy v. Voss* (1967), 34 Wis. 2d 501, 509, 149 N. W. 2d 595.) Where appeal is permitted directly to the supreme court, that procedure is also exclusive. (*Id.* at page 224.) As to misdemeanor cases, the statutes provide that, "In lieu of prosecuting a writ of error, either party may appeal to the supreme court in the manner provided in civil cases. . . ." (Sec. 974.03, Stats.) The general rule of law in this state is that ". . . a writ of error, as a reviewing device, 'lies after final judgment, or after an order in the nature of a final judgment, rendered in a court of law, to correct some supposed mistake which is apparent on the face of the record.' " (*Shavie v. State* (1971), 49 Wis. 2d 379, 383, 182 N. W. 2d 505, quoting *Martin v. State* (1941), 236 Wis. 571, 573, 574, 295 N. W. 681.) In *Shavie,* this court held that a trial court order denying postconviction motions to withdraw a guilty plea and for reduction of sentence to be an order in the nature of a final judgment and as such to be reviewable by this court by writ of error. (*Id.* at page 386.)

The question then is whether the order of a county court here deferring further proceedings and placing the defendant upon probation for one year is or can be considered either a final judgment or order in the nature of a final judgment. Obviously, it is not a final judgment, but it can be found to be an order "in the nature of a final judgment." This court has defined such order in the nature of a final judgment as " '. . . one ending

a proceeding and preventing a final judgment.'" (*Id.* at page 383, quoting *State ex rel. Dore v. Stoltz* (1969), 42 Wis. 2d 534, 538, 167 N. W. 2d 214.) Here the order involved does not end the proceedings. The nature of the end or final outcome is deferred. If the defendant violates the terms or conditions of probation, the statute provides that the trial court may then enter an adjudication of guilt and proceed as statutorily provided. If such terms or conditions are complied with, the statute directs that "the court shall discharge the person and dismiss the proceedings against him," further mandating that, "Discharge and dismissal under this section shall be without adjudication of guilt . . . ." Nor does the section discussed and involved, sec. 161.47, Stats., prevent a final judgment. The opportunity provided for a first offender to avoid both conviction and penalty requires "the consent of the accused." It is only where the defendant agrees that the court may thus defer proceedings "without entering a judgment of guilt." If he does not so consent, the defendant is entitled to entry of the final judgment which is appealable to the circuit court. If he elects to have proceedings deferred and the proceedings against him dismissed upon fulfillment of probation terms and conditions, he also elects to have an absence of a final judgment appealable to the circuit court or of an order in the nature of final judgment appealable to this court. That would seem to be a small enough price to pay for a finding of guilt being accompanied by no present conviction or penalty and a future opportunity to have the charge dismissed without adjudication of guilt. In any event, the choice is his. He cannot have his cake and eat it too. If a defendant desires either a final judgment or order in the nature of a final judgment, he has only to withhold his consent, and the consent requiring deferring of proceedings, as authorized by sec. 161.47, is not available as an alternative disposition. If he consents to the

preferential treatment made available for first offenders and if the court thereupon defers proceedings and places him on probation, that order is not appealable to the circuit court or to this court.

*By the Court.*—Appeal dismissed.