STATE EX REL. WARRENDER, Appellant, v. KENOSHA COUNTY COURT, BRANCH III, and others, Respondents.*

*No. 482. Argued February 5, 1975.—Decided March 28, 1975.*
(Also reported in 227 N. W. 2d 450 and 231 N. W. 2d 193.)

* Motion for rehearing denied, without costs, on June 30, 1975.

For the appellant there were briefs by *Dennis Egre* and *James C. Wood & Associates,* all of Milwaukee, and oral argument by *James C. Wood.*

For the respondents the cause was argued by *David J. Becker,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

A brief was filed by *James C. Wood* of Milwaukee for the appellant.

Briefs were filed by *Bronson C. La Follette,* attorney general, and *David J. Becker,* assistant attorney general, for the respondents.

HANLEY, J.   The following issues are presented upon this appeal:

1.   Is a writ of habeas corpus an appropriate remedy to review whether either a criminal complaint or an arrest is legally sufficient to grant the trial court personal jurisdiction over a criminal defendant, or whether evidence seized pursuant to a search incident to the arrest should be suppressed?

2.   Did the defendant waive his objection to the personal jurisdiction of the county court over him?

3.   Was the municipal court presented with sufficient facts to determine that there was probable cause to believe that the defendant violated sec. 7.01 of the Kenosha ordinances so as to justify the issuance of the arrest warrant?

*Habeas corpus.*

The defendant argues that a writ of habeas corpus is the proper remedy for challenging the jurisdiction of a trial court over a criminal defendant. Respondents do not argue to the contrary.

In *State ex rel. Hussong v. Froelich* (1974), 62 Wis. 2d 577, 215 N. W. 2d 390, this court ruled on the validity of a bindover challenged by the use of habeas corpus on the basis that there was insufficient evidence produced at the preliminary hearing to establish probable cause. Also, in *State ex rel. Dore v. Stoltz* (1969), 42 Wis. 2d 534, 167 N. W. 2d 214, this court held that habeas corpus

was an appropriate remedy to challenge the validity of complaints and bindovers.

In *State ex rel. Kanieski v. Gagnon* (1972), 54 Wis. 2d 108, 112, 194 N. W. 2d 808, this court said:

"An action for habeas corpus is a collateral proceeding which normally can be used to raise questions concerning the jurisdiction of the convicting court, the validity of the conviction as against a charge that the law under which the defendant was convicted is void, and constitutional defects in the conviction process; it is normally not used to raise such questions as the sufficiency of the evidence."

Under the above authority, habeas corpus is available to challenge the jurisdiction of the county court over the person of the defendant. It also is available to challenge the ruling on the motion to suppress evidence in this case because of the constitutional issues involved in that ruling. On this point defense counsel shows that there may be no other adequate remedy at law available to the defendant. This contention is based on this court's decision in *State v. Ryback* (1974), 64 Wis. 2d 574, 219 N. W. 2d 263. In that case this court held a defendant, in a possession of marijuana case, who consents to the preferential treatment available under sec. 161.47 (1), Stats., cannot appeal while the judgment of conviction is deferred and the defendant is placed on one year's probation. If a defendant consents to such treatment he cannot appeal. This procedure is available only once and, therefore, if the treatment is elected after conviction in a case where the evidence should have been suppressed, the defendant loses the opportunity to make use of sec. 161.47 (1) in the future, even though he should not have been convicted in the first instance. Habeas corpus is an appropriate remedy to review in this case.

*Waiver.*

The respondents argue that the defendant submitted to the jurisdiction of the county court over his person

and waived objection to its lack of such jurisdiction. The prosecution of the defendant for possession of a controlled substance was commenced by the issuance of a complaint. Based on that, a summons was issued by the district attorney. In response to that complaint and summons, the defendant appeared before the trial court on February 27, 1973.

On March 6, 1973, defendant appeared with counsel and an objection was made to the court's jurisdiction over the defendant's person. The petition for the writ of habeas corpus states that this objection was on the grounds that "the criminal complaint proffered to said Court failed to state sufficient facts for said Court to assume jurisdiction pursuant to the Fourth Amendment of the United States Constitution." A formal motion was filed along with a motion to suppress. The written motion to dismiss for lack of jurisdiction is based on the test for marijuana not being sufficient. The motion to suppress was based on the allegedly invalid arrest resulting in the search being unlawful.

On May 1, 1973, a hearing was held on the motions. Evidence was presented on the issue of whether there was probable cause for the issuance of the warrant on the traffic violation. Following the testimony on this issue, the trial court denied the motion to suppress the evidence. The court indicated it would hear arguments on the motion to dismiss after the lunch hour, but defendant's counsel stated that his arguments would be basically the same and the court then denied the motion to dismiss following the suggestion of defense counsel to save time.

The principle argument of respondents is that the defendant waived any objection he may have had to the jurisdiction of the trial court by making a motion to suppress. The motion contains no indication that the defendant was appearing specially in making the motion. Nor does it contain any statement that such motion was made subject to an objection to the court's jurisdiction.

This court has indicated that ". . . a defendant submits to the personal jurisdiction of the court if the defendant himself invokes that jurisdiction by asking for affirmative assistance of that court." *Belcher v. State* (1969), 42 Wis. 2d 299, 309, 166 N. W. 2d 211.

In *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 139 N. W. 2d 667, this court also noted that a defendant submits to the personal jurisdiction of the court if the defendant himself invokes that jurisdiction by asking for affirmative assistance of the court.

A party cannot submit to the jurisdiction of the court and later challenge the court's jurisdiction. *State ex rel. Dore v. Stoltz, supra.*

We hold that the defendant waived his right to challenge the jurisdiction of the trial court in his habeas corpus action when he made his motion to suppress and thereby requested affirmative relief from that court.

However, because we have held above, with reasons stated, that habeas corpus is an appropriate remedy to review the motion to suppress evidence in this case, it makes no difference if the defendant waived his objection to the trial court's jurisdiction over him.

*Initial warrant.*

The defendant's position on this appeal rests upon the theory that the warrant issued by Justice Molinaro of the municipal court was invalid and, therefore, the subsequent arrest and search of the defendant were illegal. The basis of this argument is that the uniform traffic citation and complaint did not provide the municipal court with sufficient facts to make a determination that probable cause existed to believe the defendant violated sec. 7.01 of the Kenosha ordinances.

The existence of probable cause must be shown in the complaint. *State v. Williams* (1970), 47 Wis. 2d 242, 177 N. W. 2d 611. If the complaint does not establish probable cause for the issuance of the warrant, the arrest is invalid, as is the subsequent search, and the trial

court has no personal jurisdiction over the defendant. *State ex rel. Furlong v. Waukesha County Court* (1970), 47 Wis. 2d 515, 177 N. W. 2d 333.

One of the requirements for a complaint is set forth in *State v. Paszek* (1971), 50 Wis. 2d 619, 627, 184 N. W. 2d 836, as follows:

"In *Aguilar v. Texas* [(1964), 378 U. S. 108, 84 Sup. Ct. 1509, 12 L. Ed. 2d 723], the supreme court established certain guidelines concerning the quantum of evidence which the officer must possess and present to the magistrate in order to establish sufficient probable cause to authorize the issuance of a warrant based upon hearsay information. Simply stated, the two-pronged test of *Aguilar* requires that the officer must establish: (1) The underlying circumstances from which he concludes that the informant is reliable; and (2) that the underlying circumstances or manner in which the informant obtained his information is reliable."

In addition, it is also necessary for a complaint to state who is charged, what he is charged with, when and where the offense allegedly took place and why this particular person is being charged. *State ex rel. Evanow v. Seraphim* (1968), 40 Wis. 2d 223, 230, 161 N. W. 2d 369.

The defendant concedes that the uniform traffic citation answers the first four questions: "Who?" "What?" "When?" and "Where?" However, he contends that it leaves unanswered the fifth and sixth questions: "Why is a particular person being charged?" and "Who says so?" The state contends the uniform traffic citation does answer those two questions.

Before considering whether or not the uniform traffic citation and complaint answers those two questions, it should be noted that forfeiture actions for traffic violations are sui generis. In such actions there are specific forms and procedures which differ from those in other civil and criminal cases. The uniform traffic citation is the form of citation in all traffic forfeiture actions. Sec. 345.25 (1), Stats. The circumstances of its use in

traffic forfeiture actions are prescribed by statute. Secs. 345.23 and 345.25 (2).

The use of uniform traffic citations and complaints is governed by statute. Sec. 345.11 (2), Stats., gives the standards as to what information must be given in the citations. These citations are prepared by order of the administrator of the division of motor vehicles and related by him to the law enforcement agencies. Sec. 345.11 (6). Each law enforcement agency issuing such citations is responsible for the disposition of all such forms issued under its authority and has to submit records and reports to the administrator in the manner he requires. Sec. 345.11 (7).

Under the Wisconsin uniform traffic citation and complaint form the traffic officer writes out the citation in quadruplicate. He gives the citation copy to the violator. This is merely a notice which tells the person that he has violated a certain law and fixes the court date. It is signed by the arresting officer. The complaint copy is forwarded to the court where it is signed by the so-called "court officer" upon information and belief.

Because of the statutory requirements certain inferences can be drawn from the uniform traffic citation and complaint which might not ordinarily be drawn from the complaint in criminal actions. One reasonable inference that can be drawn is that the informant is credible because he obviously is a law enforcement officer because the form is printed for use by law enforcement agencies.

It can also be reasonably inferred that the "informant" obtained his information in a reliable manner. There is no doubt that in the case of a nonmoving violation, an officer obtains the information for a traffic citation through personal observation. Here the violation was such a nonmoving violation, namely, an "expired registration."

Therefore, it is clear from the face of the uniform traffic citation involved in this case that Officer Stella,

the court officer and complainant in this case, relied on information supplied by a credible "informant," the law enforcement officer who filled in the traffic citation, who obtained his information in a reliable manner. The "Who says so?" requirement for a probable cause finding has been met.

The next requirement is "Why is this particular person being charged?" The defendant is being charged because a law enforcement officer observed an "expired registration" on a motor vehicle. He filled out a uniform traffic citation which indicated that the defendant at a specified time and place committed the traffic offense charged.

We conclude that the uniform traffic citation issued in this case provided a sufficient basis for a finding that there was probable cause to issue a warrant pursuant to sec. 968.04, Stats. Therefore, the issuance of the warrant for defendant's arrest complied with all constitutional requirements.

The defendant also argues that sec. 66.12 (1) (a), Stats., is unconstitutional because it authorizes the issuance of a warrant without requiring a showing of probable cause. Sec. 66.12 (1) (a) provides:

"An action for violation of a city or village ordinance, resolution or bylaw is a civil action. All forfeitures and penalties imposed by any ordinance, resolution or bylaw of the city or village, except as provided in ss. 345.20 to 345.53, may be collected in an action in the name of the city or village before the municipal justice, or a court of record, to be commenced by warrant or summons under s. 968.04; . . . The affidavit or complaint shall be sufficient if it alleges that the defendant has violated an ordinance, resolution or bylaw of the city or village, specifying the same by section, chapter, title or otherwise with sufficient plainness to identify the same. . . ."

The statute states that "All forfeitures and penalties . . . may be collected in an action . . . to be commenced by warrant or summons under s. 968.04 . . . ." Sec. 968.04 does require a finding of probable cause for

the issuance of a warrant. While sec. 66.12 (1) (a) provides that a complaint is sufficient ". . . if it alleges that the defendant has violated an ordinance . . . specifying the same . . . with sufficient plainness to identify the same . . . ," when read in the light of reference to sec. 968.04, must be deemed to refer to the sufficiency of the complaint or affidavit for the purpose of charging rather than for the purpose of issuing a warrant.

Sec. 66.12 (1) (a), Stats., does not authorize the issuance of arrest warrants without the constitutionally required showing of probable cause. Defendant's objection to the constitutionality of sec. 66.12 (1) (a) has no merit.

*By the Court.*—Order affirmed.

The following opinion was filed June 30, 1975:

PER CURIAM. *(On motion for rehearing.)* On its motion for rehearing, the Kenosha county court has argued that the opinion in this case validates the availability of habeas corpus as a remedy to challenge all orders denying motions for suppression of evidence. This is not correct. We limit the availability of habeas corpus as a remedy to review denials of motions to suppress to those drug cases where the preferential treatment under sec. 161.47 (1), Stats., is available. In those cases, judgment of conviction may be deferred and, therefore, the defendant cannot appeal to challenge the order denying the motion to suppress. *State v. Ryback* (1974), 64 Wis. 2d 574, 219 N. W. 2d 263.

The Kenosha county court's motion for rehearing and Warrender's motion for reconsideration are denied.