HOWARD B. EISENBERG State Public Defender
You have requested my opinion on whether the civil or criminal appeal time applies where an appeal is taken to the Wisconsin Supreme Court from a judgment of commitment under the state's Youthful Offenders Act, ch. 54 of the Wisconsin Statutes. It is my opinion that the 90-day appeal time applicable in criminal cases also applies to appeals under the Youthful Offenders Act.
The intent of the Youthful Offenders Act is set forth in sec.54.01 (2), Stats.:
 "(2) Intent. The intent of this chapter is to provide a specialized correctional program for youthful offenders who are found guilty in the criminal courts. The program grows out of the increasing public concern with the disproportionately high incidence of criminality and recidivism among youthful offenders. Recognizing that these individuals are in their formative years, with an adult lifetime ahead of them, it is to the advantage of society to concentrate on specialized treatment efforts. It is the intent of this charter to provide an alternative to procedures in the criminal code relating to conviction and sentencing. This chapter is to be liberally construed to effect its objectives." (Emphasis added.)
I believe that the italicized language indicates that the Legislature only intended to provide noncriminal alternatives to the conviction and sentencing of youthful offenders; in all other respects, a commitment under the Act remains an essentially criminal disposition. The Act has no effect on the judicial proceedings which occur prior to disposition. Thus, persons eventually adjudged youthful offenders are initially charged with a felony (sec. 54.03(1), *Page 243 
Stats., makes the Act applicable only to felons) and are entitled to all the constitutional protections afforded criminal defendants, which is precisely what they are.
The Legislature apparently created the youthful offender disposition to avoid the stigma usually associated with criminal convictions. This intention is manifested in sec. 54.03(4)(b), Stats., which provides:
 "(b) A youthful offender disposition shall not disqualify the youthful offender from entering public or private employment, or securing occupational and professional licenses. A youthful offender disposition shall not disqualify a person from voting or holding public office after discharge from probation or discharge from commitment to the department."
Furthermore, newly enacted sec. 973.015(1), Stats., which is not physically part of the Youthful Offenders Act but which is obviously directed at misdemeanors who would otherwise qualify for youthful offender treatment, provides as follows:
 "When a person under the age of 21 at the time of the commission of an offense for which the person has been found guilty in a court for violation of a law for which the maximum penalty is imprisonment for one year or less in the county jail, the court may order at the time of sentencing that the record be expunged upon successful completion of the sentence if the court determines the person will benefit and society will not be harmed by this disposition."
These provisions support my view that the Act was intended to offer noncriminal alternatives only in the area of conviction and sentencing of youthful offenders; in all other respect, a youthful offender disposition retains its criminal nature.
It therefore follows that the criminal appeal time should apply to dispositions under ch. 54. The choice of the criminal over the civil appeal time cannot seriously be regarded as having a stigmatizing effect on the youthful offender. In fact, employing the criminal appeal time is totally consistent with the spirit of the Act. The avowed purpose of ch. 54 is "to provide a specialized correctional program" for youthful offenders. Sec.54.01 (2), Stats. One of the primary goals of correctional programs is the rehabilitation of the participants. Finality of disposition is generally regarded as an aid to *Page 244 
rehabilitation; once a person found guilty of crime has exhausted all available appeals, he is (theoretically, at least) more amenable to efforts to rehabilitate him. Since it is probable that dispositions under the Youthful Offenders Act will normally be for shorter periods of time than sentences imposed pursuant to the usual criminal procedures, the interest in finality is even greater under the Act than it is for criminal convictions. It therefore follows that the Legislature, by its silence, did not intend to change the appeal time for youthful offenders to the 180 days provided for in civil cases, for this would be incompatible with the manifest purpose of ch. 54. I therefore conclude that the criminal appeal time applies to youthful offender dispositions.
In so concluding, I have considered and rejected the argument that there is no appeal whatsoever from a judgment of commitment under the Youthful Offenders Act. Such an argument is based onState v. Ryback, 64 Wis.2d 574, 578-581, 219 N.W.2d 263 (1974), which involved sec. 161.47, Stats., which provides that a first-time offender found guilty of possessing certain controlled substances may have the proceedings against him dismissed after a period of probation, thereby avoiding both conviction and penalty. In Ryback, the court held that a disposition under sec. 161.47, Stats., was not appealable because the statute provided that the court may defer further proceedings "without entering ajudgment of guilt." (Emphasis added.)
There is some similarity between sec. 161.47, Stats., and certain provisions of the Youthful Offenders act, such as sec. 54.03(4)(b), Stats., which is intended to eliminate the collateral effects of a criminal conviction. I believe, however, that it is possible to successfully distinguish sec. 161.47. Stats., from the Youthful Offenders Act. Contrary to the procedure specified in sec. 161.47, Stats., under the Youthful Offenders Act an adjudication of guilt is made, see sec. 54.03(1), Stats., and a judgment is entered, see sec. 54.04(4)(a), Stats. and 972.13(1), Stats. Furthermore, a judgment under the Youthful Offenders Act is never expunged, whereas under sec. 161.47, Stats., proceedings against a person are dismissed if he completes a successful probationary period. Therefore, although a disposition under sec. 161.47, Stats., deferring further proceedings and putting the defendant on probation, is neither a final judgment nor an order in the nature of a final judgment, State v. Ryback, supra, at 579, I conclude that a disposition under ch. 54 does *Page 245 
constitute a final judgment and should therefore be appealable. Preventing youthful offenders from appealing their dispositions may well be contrary to Wis. Const. art. 1, sec. 21, which provides that "Writs of error shall never be prohibited by law." In Scheid v. State, 60 Wis.2d 575, 583a, 211 N.W.2d 458 (1973), this provision was held to create a constitutional right to appeal in criminal cases of the nature that were appealable at the time the state constitution was adopted.
In so concluding, I have also not overlooked the possible arguments favoring a civil appeal time for youthful offender dispositions. In particular, sec. 974.03, Stats., which governs the time for appeal in criminal cases, refers to appeals from the "judgment of conviction." The language of the Youthful Offenders Act, however, indicates that a judgment of conviction and a youthful offender disposition are mutually exclusive. Section 54.03(4)(c), Stats., provides:
 "If the court does not find the person to be a youthful offender it shall enter a judgment of conviction and proceed under chs. 972 and 973." (Emphasis added.)
Likewise, sec. 972.13(1), Stats., provides in part that:
 ". . . if the defendant is found to be a youthful offender under that section, a judgment of conviction shall not be entered but rather the judgment shall be for disposition as a youthful offender."
Assuming that sec. 974.03, Stats., only applies to appeals from judgments of conviction, it could be argued that appeals from ch. 54 dispositions, which do not constitute judgments of conviction, are not subject to the 90-day appeal period.
It is my opinion that such an argument would fail. Labeling a youthful offender disposition a judgment of commitment rather than a judgment of conviction should not thwart the application of the 90-day criminal appeal time to appeals under ch 54. At the time sec. 974.03, Stats., was enacted, there was no such thing as a judgment of commitment for a criminal offense. Under the youth Service Act, the forerunner of the Youthful Offenders Act, youthful offenders were regarded as having been convicted of criminal offenses. See ch. 54. Stats. (1973). *Page 246 
Since formerly the only judgments appealable under sec. 974.03, Stats., were judgments of conviction, the language in that statute should not be given much weight in determining whether it applies to the new Youthful Offenders Act. Instead, I believe that the Legislature's silence on the question of appeal time under ch. 54 indicates that it did not wish to alter the appeal time for youthful offenders who would otherwise be subject to the 90-day period specified in sec. 974.03, Stats.
BCL:MM