RICHARD ALAN GINKOWSKI, District Attorney Rusk County
You have requested my opinion as to whether sec. 941.29, Stats., created by ch. 141, Laws of 1981, applies to individuals who had received a disposition under the repealed Youthful Offenders Act.
Specifically, you have asked whether a person who had been "convicted" in 1977 of sexual assault under the Youthful Offenders Act, ch. 54, Stats. (1975), may now possess a firearm in view of sec. 941.29, Stats.
In my opinion, persons who received youthful offender dispositions were not "convicted" of felonies. Therefore, those youthful offenders are not subject to the sec. 941.29, Stats., requirements and penalties.
Section 941.29, Stats., provides:
 (1) A person is subject to the requirements and penalties of this section if he or she has been convicted of a felony in this state or of a crime elsewhere that would be a felony if committed in this state.
 (2) Any person specified in sub. (1) who, subsequent to the conviction for the felony or other crime, as specified in sub. (1), possesses a firearm is guilty of a Class E felony. *Page 218 
Under sec. 54.03(1), Stats. (1975), an individual had to be under the age of twenty-one at the time of the commission of the offense and also found guilty of a felony before being considered for a youthful offender disposition. If the court subsequently determined that a person was not a youthful offender under further criteria stated in sec. 54.03(1)(a) and (b), Stats. (1975), the court could enter a judgment of conviction pursuant to sec. 54.03(4)(c), Stats. (1975). However, sec. 972.13(1), Stats. (1975), provided that "if the defendant is found to be a youthful offender under that section, a judgment of convictionshall not be entered but rather the judgment shall be for disposition as a youthful offender." A youthful offender disposition resulted in either an order for probation or commitment to the department. Sec. 53.04(4)(a), Stats. (1975).
Further, the stated intent of the Youthful Offenders Act was "to provide an alternative to procedures in the criminal code relating to conviction and sentencing." Sec. 54.01(2), Stats. (1975) (emphasis added).
Thus, the Legislature clearly made a distinction between convictions and youthful offender dispositions of probation or commitment. I therefore believe those persons adjudged guilty under the Youthful Offenders Act were never convicted and are not subject to the sec. 941.29, Stats., arms possession limitation.
You also ask whether the disposition of persons adjudged guilty under the Youthful Offenders Act should be expunged upon discharge.
As I previously stated, when comparing the Youthful Offenders Act to sec. 161.47, Stats., "a judgment under the Youthful Offenders Act is never expunged." 66 Op. Att'y Gen. 242, 244 (1977).
While sec. 973.015(1), Stats. (1975), provided for expungement upon successful completion of the sentence for persons under twenty-one convicted of misdemeanors, there is no corresponding provision for persons receiving a youthful offender disposition who are discharged.
You have further inquired whether youthful offender dispositions may be considered in subsequent sentencings.
The Youthful Offenders Act provided no express restriction against using records in subsequent proceedings. As you noted, sec. *Page 219 
54.03(4)(b), Stats. (1975), prohibited using a youthful offender disposition to bar persons from public or private employment, securing occupational and professional licenses, holding public office or voting. The Youthful Offenders Act provided no further restrictions regarding consideration of youthful offender dispositions.
Further, "[I]t is clear that a juvenile record is highly relevant and proper as a matter to be considered in the exercise of the sentencing discretion." Lange v. State, 54 Wis.2d 569,574, 196 N.W.2d 680 (1972). In my opinion, if reviewing juvenile records is considered proper for the purposes of sentencing, reviewing dispositions under the Youthful Offenders Act is also appropriate.
As I have previously stated, "the Legislature only intended to provide noncriminal alternatives to the conviction and sentencing of youthful offenders; in all other respects, a commitment under the Act remains an essentially criminal disposition." 66 Op. Att'y Gen. 242 (1977).
In my opinion, the Legislature did not expressly provide, nor did it intend to provide, for restrictions on the use of youthful offender disposition information at subsequent sentencing proceedings.
BCL:SDE:bah
 *Page 1