■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN WHITLEY, Appellant.—Judgment, Supreme Court,

Bronx County (David Stadtmauer, J.), rendered on September 15, 1983, convicting defendant, after jury trial, of murder in the second degree and assault in the first degree and sentencing him to concurrent terms of 25 years' to life and 5 to 15 years' imprisonment, is, upon reargument, unanimously affirmed.

On defendant's initial appeal, counsel challenged the trial court's denial of his motion for a severance and for a mistrial. This court unanimously affirmed without opinion (128 AD2d 449). Upon reargument, defendant submits a *pro se* supplemental brief reiterating the point concerning denial of his severance motion, and raising five additional points. None of these points merits departure from our original determination.

Defendant's failure to move for dismissal of the indictment for denial of his statutory right to testify before the Grand Jury constituted a waiver of his right to challenge the indictment on that ground *(People v Reddy,* 108 AD2d 945, 946). The circumstances surrounding defendant's warrantless arrest were no bar to his subsequent prosecution *(see, United States v Crews,* 445 US 463).

Failure to call a witness to "explain" defendant's own medical records revealing that he had suffered a beating at the hands of the murder victim the day before, and failure to request a visit to the crime scene notwithstanding the submission of the crime scene photos in evidence, did not constitute ineffectiveness of assistance of trial counsel. The charge of "unethical behavior" leveled against the prosecutor has not been preserved for appeal, defendant having failed to object to the manner of the trial court's prompt, curative instructions *(People v Tardbania,* 72 NY2d 852). There was no *Rosario* violation with regard to the police report of an interview of an eyewitness, inasmuch as neither the interviewer nor the interviewee was called as a witness. Furthermore, the report did not constitute a *Brady* violation inasmuch as defendant had in his possession a redacted version of the report prior to trial, and then failed to avail himself of the opportunity to call the police author of the report as a witness with regard to this supposedly exculpatory material *(see, People v Cortijo,* 70 NY2d 868). Concur—Sullivan, J. P., Carro, Asch, Rosenberger and Smith, JJ.