John DOE, Petitioner–Appellant,

v.

Frederick MENEFEE, Warden of the Otisville Federal Correctional Institution, and the New York State Attorney General, Respondents–Appellees.

Docket No. 02–2149.

United States Court of Appeals, Second Circuit.

Oct. 22, 2002.

Michael S. Pollok, Hoffman Pollok & Pickholz, LLP, New York, NY, for Appellant.

John J. Sergi, Westchester County Assistant District Attorney, White Plains, NY, for Appellee.

Present ELLSWORTH VAN GRAAFEILAND, DENNIS JACOBS and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court is VA-

CATED and this matter is **REMANDED** for further proceedings.

In 1995, John Doe[1] pleaded guilty to sodomy in the second degree, a charge based on his sexual abuse of twelve-year-old Edward Smith.[2] Doe specifically admitted mouth-to-penis contact with the minor. The Appellate Division, First Department, affirmed Doe's conviction on May 11, 1998, and denied him leave to appeal on August 19, 1998. Doe did not apply for certiorari to the United States Supreme Court. On May 10, 2000, Doe filed a petition pursuant to New York Criminal Procedure Law § 440.10 in the Westchester County Court. In his petition, Doe alleged, among other things, that he pleaded guilty because an assistant district attorney falsely claimed that Smith had inculpated Doe. To support this claim, Doe offered the affidavit of Edward Smith–Jones, who claimed that investigators from the district attorney's office questioned him in 1994 about his relationship with Doe. According to Smith–Jones, he denied the investigators' suggestion that Doe had forcible sexual contact with him. Smith–Jones further denied he ever had sexual contact with Doe, as a child or an adult. Although Smith–Jones' name is not identical to that of the victim, Petitioner also claims that he produced Smith–Jones' driver's license, which shows the same date of birth as the victim's.

On June 22, 2001, the state court denied Doe's motion. Doe filed a petition pursuant to 28 U.S.C. § 2254 on November 30, 2001.

The district court dismissed Doe's petition as untimely pursuant to 28 U.S.C § 2244(d). Doe contended that his petition should be equitably tolled because (1) he had retained an attorney to exhaust his state court remedies long before the deadline for filing a Section 2254 motion; (2) he and his brother continually asked the attorney to file the Section 440.10 motion in a timely fashion and the attorney assured them that the motion would be filed on time; and (3) he has offered credible proof of actual innocence. The court found that Doe alleged simple law office failure, which does not merit equitable tolling, and that actual innocence by itself does not justify equitable tolling.

On appeal Doe argues that (1) rather than claiming law office failure, he claimed active attorney deception and abandonment, which does merit equitable tolling; (2) he could not have filed the Section 440.10 motion himself in the face of his attorney's failures because the federal facility in which he was confined had no state law materials; and (3) a credible showing of actual innocence should equitably toll the statute of limitations.

We have not yet determined whether "the Constitution requires an 'actual innocence' exception to [the Anti–Terrorist and Effective Death Penalty Act's] statute of limitations." *Lucidore v. New York State Div. of Parole,* 209 F.3d 107, 114 (2d Cir.), *cert. denied,* 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000). We have, however, held that in order to show actual innocence "a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.' " *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 299, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)). In this case, Doe has presented evidence, the affidavit of his alleged victim, which might well lead a reasonable juror to find him not guilty. How-

---

1. As allowed by the district court, Doe is a pseudonym.

2. Edward Smith is also a pseudonym.

ever, the respondent also has presented extensive evidence undermining the victim's affidavit. In addition to Doe's detailed guilty plea, this evidence includes contemporaneous notes by the assistant district attorney who interviewed Smith–Jones. Moreover, Smith–Jones' claims have not been tested by cross-examination.

We appreciate that the district court is of the view that there is no actual innocence exception, but we decline to review that ruling at this time. In a proper case, we will decide whether constitutional considerations require an actual innocence exception to AEDPA's statute of limitations, but we do not know on the basis of the record in hand whether this case compels us to do so. *See Wyzykowski v. Dep't of Corrs.*, 226 F.3d 1213, 1218 (11th Cir.2000) ("the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence"). Therefore, we vacate the district court's judgment and remand for the district court to decide as a mater of fact whether Doe has presented a credible claim of actual innocence.

In the course of addressing questions that bear upon Doe's claim of actual innocence, the district court is directed to consider whether a petitioner asserting actual innocence must demonstrate that he was reasonably diligent in pursuing that claim. The district court found that Doe failed to exercise reasonable diligence by relying on his negligent attorney to bring his Section 440.10 motion. The court should now determine whether Doe exercised reasonable diligence in pursuing his actual innocence claim.

Because of the disposition we reach, we do not consider Doe's argument that his attorney's failure rose to the level of extraordinary circumstances required for eq-

uitable tolling. We also do not consider Doe's remaining argument concerning the adequacy of the prison library.