Calvin **WHITLEY**, Petitioner–
Appellant,

v.

Daniel A. **SENKOWSKI**, Superintendent, Clinton Correctional Facility Respondent–Appellee.

**Docket No. 02–2444.**

United States Court of Appeals,
Second Circuit.

Submitted: Dec. 19, 2002.

Decided: Jan. 17, 2003.

Calvin Whitley, Dannemora, N.Y., pro se.

Cynthia J. Pree, Bronx County District Attorney's Office, Bronx, N.Y., for Respondent-Appellee.

Before: FEINBERG, MESKILL, and CALABRESI, Circuit Judges.

CALABRESI, Circuit Judge.

Appellant, *pro se,* moves for a certificate of appealability and *in forma pauperis* status in his appeal from the district court judgment denying his 28 U.S.C. § 2254 petition as time-barred. We grant the motions for the following limited purpose: the district court judgment is vacated and the action is remanded for consideration of (1) whether Whitley pursued his actual innocence claim with reasonable diligence; (2) if he did not pursue the claim with reasonable diligence, whether an actual innocence claim must be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations; (3) if he did pursue the claim with reasonable diligence or if reasonable diligence is unneces-

sary, whether Whitley makes a credible claim of actual innocence; and (4) if he does make a credible claim of actual innocence, whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations on federal habeas petitions. We also order the district court to appoint Whitley counsel pursuant to the Criminal Justice Act.

## BACKGROUND

On September 15, 1983, Calvin Whitley was convicted after a jury trial in New York State Supreme Court, Bronx County, of Murder in the Second Degree (New York Penal Law § 125.25) and Assault in the First Degree (New York Penal Law § 120.10). His conviction was based in significant part on the testimony of one Belinda McMillan, who stated that she had witnessed Whitley commit the murder. At sentencing, however, Whitley produced evidence, in the form of an affidavit from a third party, that the police had coerced McMillan into testifying and that she had recanted her testimony shortly after the trial. His counsel moved pursuant to New York Criminal Procedure Law § 440.10 to vacate the conviction on the basis of newly discovered evidence, a motion that the court denied without prejudice to the filing of subsequent motions based on newly discovered evidence.

Whitley was assigned new counsel for his appeal to the Appellate Division, First Department, and the case proceeded through the state courts. While his appeal was pending, Whitley filed a second § 440.10 motion, arguing actual innocence based on McMillan's recantation. That motion was denied. On August 9, 1990, after several back and forths, the Appellate Division rejected Whitley's proffered arguments and affirmed the convictions. *People v. Whitley*, 164 A.D.2d 782, 559 N.Y.S.2d 324 (N.Y.App.Div.1990). Whit-

ley's application to file an appeal in the New York Court of Appeals was denied. *People v. Whitley*, 76 N.Y.2d 945, 563 N.Y.S.2d 74, 564 N.E.2d 684 (1990).

In 1994, Whitley filed a third § 440.10 motion, arguing that the prosecution withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The state court denied that motion in 1995. On March 27, 1997, Whitley petitioned the Appellate Division for a writ of error *coram nobis*, arguing (1) that his appellate counsel was ineffective for failing to raise on appeal McMillan's recantation and (2) that Whitley was denied his Sixth Amendment right to an attorney by the state court's failure to assign him counsel to perfect his supplemental brief for reargument in his earlier appeal. The Appellate Division dismissed the petition on April 1, 1998 and, on January 26, 1999 and on June 29, 1999, denied Whitley's further motions for reargument.

On April 25, 2000, Whitley filed, pursuant to 28 U.S.C. § 2254, a *pro se* petition for a writ of habeas corpus in the United States District Court for the Southern District of New York. In that petition, Whitley argued (1) that he was actually innocent of the crimes for which he was convicted; (2) that his Sixth Amendment right to counsel was violated when the state court required him to proceed *pro se* on reargument of his direct appeal; and (3) that the state withheld exculpatory material in violation of *Brady*. In support of his petition, Whitley submitted *inter alia* the alleged transcript of a 1990 interview between McMillan and his trial attorney in which McMillan, recanting her testimony, stated that she had not seen Whitley on the night of the murder and that the State had coerced her into testifying in return for dropping a pending assault charge. The district court (Casey, *J.*) ordered Whitley to show cause why the petition

should not be dismissed as time-barred. In response, Whitley stated, "Your Honor, I am innocent...."

The State moved to dismiss Whitley's petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the petition was untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214. In an opinion dated May 13, 2002, the district court agreed and for that reason denied Whitley's petition. The district court did not address Whitley's actual innocence claim.

## DISCUSSION

This court has previously declined to rule on whether "the Constitution requires an 'actual innocence' exception to [the] AEDPA's statute of limitations." *Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 114 (2d Cir.), *cert. denied*, 531 U.S. 873, 121 S.Ct. 175, 148 L.Ed.2d 120 (2000). The constitutionality of the AEDPA's statute of limitations if applied to a claim of actual innocence is an open question today. *Cf. Triestman v. United States*, 124 F.3d 361, 378–79 (2d Cir.1997) (holding that to read the AEDPA as denying a defendant the right to any collateral review of his actual innocence claim would raise "serious Eighth Amendment and due process questions"). The question remains open, despite this court's recent discussion, of *Herrera v. Collins*, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). *United States v. Quinones*, 313 F.3d 49, 67–69 (2d Cir.2002). This being so, it was error for the district court, without further analysis, to dismiss, on statute of limitations grounds, Whitley's petition, which claimed actual innocence.

In a proper case, we will decide whether constitutional considerations require an actual innocence exception to the AEDPA's statute of limitations. This, however, is not yet, and may never be, that case, since we do not know, on the basis of the record before us, whether the unsettled question needs to be reached in order to decide the case. *See Lucidore*, 209 F.3d at 114 (In order to show actual innocence, "a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)); *Wyzykowski v. Dep't of Corrs.*, 226 F.3d 1213, 1218 (11th Cir.2000) ("[T]he factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence."). We therefore vacate the district court's judgment and remand for the district court to decide as a matter of fact whether Whitley has presented a credible claim of actual innocence.

In addressing this issue, it is also necessary to consider whether Whitley was reasonably diligent in pursuing his claim of actual innocence and, if not, whether reasonable diligence is a precondition of pressing his constitutionally based actual innocence claim. Consequently, the district court should examine the following questions sequentially: (1) Did Whitley pursue his actual innocence claim with reasonable diligence? (2) If Whitley did not pursue the claim with reasonable diligence, must an actual innocence claim be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations? (3) If Whitley did pursue the claim with reasonable diligence or if reasonable diligence is unnecessary, does Whitley make a credible claim of actual

innocence? (4) If Whitley does make a credible claim of actual innocence, does the United States Constitution require an "actual innocence" exception to the AEDPA statute of limitations on federal habeas petitions?[1]

Petitioner's motions for *in forma pauperis* status and for a certificate of appealability are granted for the aforementioned limited purposes. The district court's order is VACATED and the case is RE-MANDED to that court for further proceedings consistent with this opinion. The district court is also ordered to appoint Whitley counsel in accordance with the Criminal Justice Act, 18 U.S.C. § 3006.

---

1. While we have at least once remanded a similar case summarily with analogous instructions, *Doe v. Menefee,* 49 Fed. Appx. 340, 2002 WL 31388992 (2d Cir.2002), we do so now in a published opinion so that district courts faced with like claims may be aware of the appropriate order of inquiry.