Michael ROBINSON, Petitioner–
Appellant,

v.

Daniel A. SENKOWSKI, Supt.; Glen
Goord, Commissioner of New York
State Department of Correctional Ser-
vices; Eliot Spitzer, Attorney General
of the State of New York, Respon-
dents–Appellees.

No. 99–2664.

United States Court of Appeals,
Second Circuit.

May 25, 2004.

Daniel A. Hochheiser, Hochheiser &
Hochheiser, LLP, New York, NY, for Peti-
tioner–Appellant.

Jennifer Hagan, Assistant District At-
torney, (John M. Castellano, Assistant Dis-
trict Attorney, on the brief) for Richard A.
Brown, Queens County District Attorney,
for Respondents–Appellees.

Present: MINER, KATZMANN,
Circuit Judges, and TSOUCALAS,* Senior
Judges.

* The Honorable Nicholas Tsoucalas of the Unit- ed States Court of International Trade sitting

## SUMMARY ORDER

Familiarity with the facts of this case is assumed. On October 19, 1999, the United States District Court for the Eastern District of New York (Trager, *J.*) denied Robinson's petition for a writ of habeas corpus.

 This Court reviews *de novo* a district court's decision to grant or deny a petition for a writ of habeas corpus. A petitioner may prevail on a petition for a writ of habeas corpus based on a claim that was adjudicated on the merits in state court if the petitioner establishes that the adjudication of his or her claim in state court resulted in a decision that was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "In order to prevail on a claim of ineffective assistance of counsel, a defendant must establish both (1) that 'counsel's representation fell below an objective standard of reasonableness .... under prevailing professional norms,' and (2) 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir.2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (citation omitted).

In this case, petitioner makes two claims of ineffective assistance of counsel. First, petitioner claims that his trial counsel rendered ineffective assistance by failing to investigate two potential alibi witnesses. Petitioner's claim is without merit. Counsel for the defendant presented an alibi defense at trial. The alibi that would have been offered by the two potential witnesses contradicted the alibi offered at trial. Therefore, it was a legitimate trial strategy not to investigate or present witnesses who would have provided defendant with an alternative alibi, *c.f. United States v. Javino*, 960 F.2d 1137, 1145 (2d Cir. 1992), and petitioner cannot show a reasonable possibility that the outcome of the trial would have been different had counsel investigated and presented the testimony of the two witnesses.

 Petitioner's second claim of ineffective assistance of counsel is that his trial counsel rendered ineffective assistance by failing to introduce into evidence a photograph of the defendant taken following his arrest, which shows the defendant with a full beard and mustache. This contradicts the testimony of the crime's sole eyewitness that the perpetrator was cleanshaven.

We do not reach the merits of petitioner's claim because the claim is not properly before this Court. *See Shabazz v. Artuz*, 336 F.3d 154, 160 (2d Cir.2003); *Rodriguez v. Hoke*, 928 F.2d 534, 537–38 (2d Cir. 1991). Although there is an "actual innocence" exception to the procedural default rule, it is only properly invoked to "avoid a manifest injustice." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). In this case, the petitioner may still raise this claim before the New York state courts. *See Whitley v. Senkowski*, 317 F.3d 223, 224 (2d Cir.2003); *Bonilla v. Portuondo*, No. 00 CIV. 2369, 2004 WL 350694 at *15 (S.D.N.Y. Feb. 26, 2004). Accordingly, petitioner's claim regarding the photograph is unexhausted and the district court properly denied the writ. *See Sweet v. Bennett*, 353 F.3d 135, 139 (2d Cir.2003).

The judgment of the district court is REMANDED with instructions to the District Court to stay the habeas corpus petition to allow Robinson a reasonable time

by designation.

**12**

period in which to pursue his unexhausted claims in state court. The District Court should explicitly condition the stay on Robinson's (i) pursuing state court remedies within thirty days after the stay is entered and (ii) returning to federal court within thirty days after state court exhaustion is completed. If either condition of the stay is not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed. *See Zarvela v. Artuz,* 254 F.3d 374, 380–81 (2d Cir.2001); *see also, e.g., Pratt v. Greiner,* 306 F.3d 1190, 1196–97 (2d Cir.2002).