08-0839-pr
Brockington v. Marshal

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of May, two thousand ten.

PRESENT:   REENA RAGGI,
           PETER W. HALL,
                *Circuit Judges.*[*]
---------------------------------------------------------
TODDRICK BROCKINGTON,

　　　　　　*Petitioner-Appellant*,

　　　　v.                                                    No. 08-0839-pr

LUIS MARSHAL, Superintendent,

　　　　　　*Respondent-Appellee*.
---------------------------------------------------------

APPEARING FOR APPELLANT:　　ROBIN C. SMITH, Brooklyn, New York.

APPEARING FOR APPELLEE:　　KELLY CHRISTINE WOLFORD, Assistant District Attorney, *for* Michael C. Green, District Attorney of Monroe County, Rochester, New York.

---

[*] The Honorable Rosemary S. Pooler, who was a member of this panel, has removed herself from hearing and consideration of this appeal. The remaining two panel members, who agree on the disposition, decide this appeal pursuant to Local Rule 0.14(b).

Appeal from the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 23, 2008, is VACATED and the case is REMANDED for further proceedings consistent with this decision.

Toddrick Brockington, currently serving a prison sentence of twenty-five years to life on his 1992 New York convictions for felony murder, first degree robbery, and second degree manslaughter, appeals from the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We review the district court's denial of the writ de novo. See Doe v. Menefee, 391 F.3d 147, 163 (2d Cir. 2004). In doing so, we assume familiarity with the facts and procedural history, which we reference only as necessary to explain our ruling.

The district court correctly concluded that Brockington's 2007 petition was filed more than a decade after the "grace period" of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, see Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (allowing defendants convicted before AEDPA to file habeas petitions by April 24, 1997), and Brockington's 1996 receipt of a medical examiner's "case narrative" containing what he characterized as newly discovered evidence casting doubt on his conviction, see 28 U.S.C. § 2244(d)(1)(D).

Nevertheless, on March 3, 2009, this court issued a certificate of appealability with respect to two issues: "(1) whether petitioner asserted an actual innocence claim in the proceedings below, and, if so, (2) whether petitioner's assertion of actual innocence requires tolling of the applicable statute of limitations in this case." Order Granting Certificate of

Appealability, <u>Brockington v. Marshal</u>, No. 08-0839-pr (2d Cir. Mar. 3, 2009).

We have not yet decided whether the Constitution requires tolling of AEDPA's limitations period in a case of actual innocence. <u>See</u> <u>Doe v. Menefee</u>, 391 F.3d at 161. Accordingly, we have instructed district courts presented with untimely habeas petitions raising claims of actual innocence to determine, "in each case, whether the petitioner has presented a credible claim of actual innocence before ruling on the legal issues of whether such a showing provides a basis for equitable tolling and whether the petitioner must also demonstrate that he or she pursued his or her claim with reasonable diligence." <u>Id.</u> Where a district court fails to conduct the required inquiry, we will remand so that it may do so in the first instance. <u>See</u> <u>Whitley v. Senkowski</u>, 317 F.3d 223, 226 (2003).

Construing Brockington's <u>pro se</u> petition liberally, <u>see</u> <u>Roldan v. Racette</u>, 984 F.2d 85, 87 (2d Cir. 1993), we conclude that he asserted a claim of actual innocence. In completing the form that constitutes his petition, Brockington made no express declaration of innocence.[1] Nevertheless, he attached two state court decisions denying post-conviction relief, each noting his claim that the case narrative supported his defense that the robbery never occurred and that he was innocent. <u>See</u> <u>People v. Brockington</u>, No. 91-0321, slip op. at 3 (N.Y. Sup. Ct. Feb. 27, 2006) ("[D]efendant contends that . . . he is innocent of the crimes of which he stands convicted."); <u>People v. Brockington</u>, No. 91-0321, slip op. at 8 (N.Y. Sup. Ct. Dec. 22, 2003) ("[I]t is defendant's contention that the Case Narrative proves that no robbery occurred . . . ."). Finally, in response to the district court's May 7, 2007 order

---

[1] While the form offers <u>pro se</u> petitioners a list of "most frequently raised grounds for relief," actual innocence is not among the grounds included.

3

to show cause why the petition should not be dismissed as time-barred, Brockington submitted a memorandum noting that he had claimed actual innocence in his state court petition for post-conviction relief pursuant to New York Criminal Procedure Law § 440.10. This record is sufficient, though barely so, to have signaled to the district court that Brockington intended his "newly discovered" evidence to support a claim of actual innocence.

Accordingly, without expressing any view as to the merits of Brockington's putative claim of actual innocence, we remand to permit the district court to conduct the following sequential inquiry:

> (1) Did [Brockington] pursue his actual innocence claim with reasonable diligence? (2) If [he] did not pursue the claim with reasonable diligence, must an actual innocence claim be pursued with reasonable diligence in order to raise the issue of whether the United States Constitution requires an "actual innocence" exception to the AEDPA statute of limitations? (3) If [he] did pursue the claim with reasonable diligence or if reasonable diligence is unnecessary, does [he] make a credible claim of actual innocence? (4) If [he] does make a credible claim of actual innocence, does the United States Constitution require an "actual innocence" exception to the AEDPA statute of limitations on federal habeas petitions?

Whitley v. Senkowski, 317 F.3d at 225-26.

For the reasons explained, the judgment of the district court is VACATED and the case REMANDED for further proceedings consistent with this ruling.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4