STATE, Respondent, v. BRICE, Appellant.

*No. State 224. Decided December 10, 1973.*
(Also reported in 212 N. W. 2d 596.)

For the appellant: *Paul L. Jonjak* and *Ebbeson & Jonjak,* all of Sturgeon Bay. For the respondent: *Robert W. Warren,* attorney general, and *William A. Platz,* assistant attorney general.

WILKIE, J. The state moves to dismiss the appeal on the ground that the order is not appealable to this court. The state argues that an order granting or denying a sec. 974.06 motion in a misdemeanor case must be appealed to the circuit court, relying on sec. 974.01 (1), Stats., which provides that appeals in misdemeanor cases from county court are to the circuit court. The defendant argues that under sec. 974.06 (7) an order entered on a motion for postconviction relief is appealable as if it were a final judgment subject to secs. 974.03 and 974.05, and these statutes contemplate direct appeal to the supreme court.

Sec. 974.01, Stats., does not grant a right of appeal in a misdemeanor case. Rather, it regulates procedure in misdemeanor appeals, directing that such appeals from county court should be taken to circuit court. If there was any doubt about this, it is resolved by the committee comment to sec. 974.01, which states in part:

"This section conforms the *practice* on misdemeanor appeals to that found in s. 299.30 which governs appeals in small claims and municipal ordinance violations. . . ." 42A W. S. A., p. 416. (Emphasis supplied.)

The right of appeal from an order denying a motion for postconviction relief is granted by sec. 974.06 (7), Stats. The defendant argues that because under sec.

974.06 (7) appeal is taken from an order "as from a final judgment subject to ss. 974.03 and 974.05," without any reference to sec. 974.01, the legislature intended a direct appeal to this court rather than an appeal to circuit court. Sec. 974.05 does not apply to this case, because it is concerned with state appeals. Sec. 974.03 provides that in lieu of prosecuting a writ of error, either party may appeal to the supreme court in the manner provided in civil cases. This statute both grants the right of appeal and specifies that the manner of appeal to the supreme court is to be governed by the statutes regulating civil appeals. One of those statutes is sec. 274.09 (1), which provides that when an appeal is authorized to circuit court, that procedure is exclusive. We held in *State v. Omernik* (1972), 54 Wis. 2d 220, 194 N. W. 2d 617, that sec. 974.03 incorporated the provisions of sec. 274.09 (1). We also held, that because sec. 974.01 contained an express provision for appeal to circuit court, there was no appeal to the supreme court from an order of the county court denying a motion for a new trial in a misdemeanor case. Sec. 974.02 has since been amended to eliminate the motion for a new trial in a misdemeanor case. Nevertheless, the reasoning of the *Omernik Case* is controlling here. If appeal to the circuit court is authorized under sec. 974.01 (1), there is no direct appeal to this court.

Sec. 974.01 (1), Stats., reads in part:

"Appeals from the county court in misdemeanor cases are to the circuit court for the county on the record. . . ."

The resolution of the state's motion to dismiss depends upon whether this is an appeal in a misdemeanor case. Sec. 974.06 (2), Stats., provides that a motion for post-conviction relief is a part of the original criminal action,

is not a separate proceeding, and may be made at any time. Since this motion is part of the original criminal action, an order denying it is made in a misdemeanor case. For appeal purposes the order is treated as a judgment under sec. 974.06 (7). Judgments in misdemeanor cases are appealable to the circuit court under sec. 974.01. Under the reasoning of *State v. Omernik, supra,* the order is not appealable to this court.

*By the Court.*—Appeal dismissed.