In the

# United States Court of Appeals
## For the Seventh Circuit

No. 05-1174

ROLANDO ARAUJO, JR.,

*Petitioner-Appellant,*

*v.*

NEDRA CHANDLER, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 374—**Blanche M. Manning**, *Judge.*

ARGUED NOVEMBER 8, 2005—DECIDED DECEMBER 16, 2005

Before BAUER, MANION, and EVANS, *Circuit Judges.*

EVANS, *Circuit Judge.* In 1991, a jury sitting in the Circuit Court of Cook County convicted Rolando Araujo of the 1988 murder of Mario Rodriguez. On January 20, 2004, Araujo petitioned for the first time for the issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.[1] Given the dates we just set out, it is not surprising that the

---

[1] Araujo's current custodian is Nedra Chandler, the warden of the Dixon Correctional Center. We therefore substitute Chandler as the respondent-appellee in this case. 28 U.S.C. § 2254, Rule 2(a); Fed. R. App. P. 43; *see also Briggs v. Chambers*, 425 F.3d 1048 (7th Cir. 2005).

primary issue before us in this appeal from the district court's denial of his petition is whether the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244(d), bars relief.

The facts established at trial, as recited by the Illinois Appellate Court on direct appeal, show that the shooting happened as members of a street gang, the Bishops, and the victim, Mario Rodriguez, were walking near Harris Park in Chicago. Araujo, a member of the rival Ambrose street gang, drove past them, stopped his car, jumped out, and shot Rodriguez. At the same time, Robert Mendoza, another Ambrose street gang member, was shooting a gun in the direction of other Bishops. Both Mendoza and Araujo were charged. Mendoza entered a plea of guilty to the first degree murder of Rodriguez based on his role as a lookout. Araujo went to trial and was convicted. In addition to his direct appeal, Araujo has, over the years, filed two petitions for postconviction relief in the Illinois courts. His claims have been rejected each time.

AEDPA contains a one-year statute of limitations, set out in 28 U.S.C. § 2244(d). But because Araujo's conviction was final prior to the effective date of the statute, that is, before April 24, 1996, he is subject to the one-year grace period for timely petitions for review in federal court. *See Lindh v. Murphy*, 96 F.3d 856 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). Had his petition been filed by April 24, 1997, it would have been timely. In addition, under § 2244(d)(2), the time during which his state postconviction litigation was pending would have tolled the running of the statute. However, these time periods are not sufficient to bring him within the statute of limitations, and Araujo does not seriously argue that they are.

What he does argue is that he is actually innocent and that therefore the application of the statute of limitations in § 2244(d) to bar his petition would result in a fundamental

miscarriage of justice. He urges us to determine that a freestanding "actual innocence" exception must be read into the statute. The exception would not require a showing that a petitioner exercised due diligence in discovering his claim. It would be "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993).

Unfortunately for him, the argument comes too late. We have recently decided that "[p]risoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action." *Escamilla v. Jungwirth*, 426 F.3d 868 (7th Cir. 2005).

In an ordinary case, the one-year statute of limitations in § 2244(d)(1) runs from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In addition, we have recognized that in some situations the statute might be subject to equitable tolling. In

*Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004), we said that "[e]quitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." In that case, the circumstance—which ultimately failed to carry the day—was that the corrections officers did not deliver petitioner's mail on time. We also have recognized that equitable estoppel may apply to § 2244 but, as with equitable tolling, "only where the doctrine's operation would not conflict with the tolling provisions specifically listed in § 2244(d)." *Balsewicz v. Kingston*, 425 F.3d 1029 (7th Cir. 2005). We rejected the argument that the language of the Wisconsin postconviction statute misled Balsewicz into believing that he could file his state postconviction challenge at any time and still obtain federal habeas review.

The assumption underlying Araujo's appeal is that his petition does not comfortably fall within any of the statutory or equitable principles. Were the petition to be forced into one of the existing exceptions, the parties do not agree on which one would be appropriate. The State contends that Araujo's "actual innocence" claim must "by default . . . fall within the equitable tolling camp." Araujo disagrees and argues, somewhat halfheartedly, that if actual innocence is not a freestanding exception, his case would most closely fall within the statutory provision in § 2254(d)(1)(D)—he must file within one year of the date on which the facts on which his claim is based could have been discovered "through the exercise of due diligence."

We agree with the latter contention that § 2254(d)(1)(D) would be the provision to which we should look, but we cannot find that Araujo meets the requirements of that provision. The Illinois state trial court was considering Araujo's claims of innocence at a hearing in 1994. He has not exercised due diligence in bringing to the federal courts the facts which he claims show he is innocent. That failing

means that we are left with his contention that actual innocence is a freestanding exception to the statute.

It is an argument which has caused courts a good deal of consternation. The Court of Appeals for the Eighth Circuit has determined that actual innocence is relevant to a claim that the statute of limitations should be tolled, but the petitioner must still make a showing of reasonable diligence in discovering the facts underlying his claim. *Flanders v. Graves*, 299 F.3d 974 (2002). In contrast, recently in *Souter v. Jones*, 395 F.3d 577 (2005), the Court of Appeals for the Sixth Circuit has found that, if a petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty, he should be allowed to pass through the "gateway" (provided by actual innocence) and argue the merits of his underlying constitutional claims. Other courts of appeals have avoided deciding the timeliness issue by first requiring that the district court determine whether there is, in fact, a showing of actual innocence. *See Whitley v. Senkowski*, 317 F.3d 223 (2nd Cir. 2003); *Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002).

However, in this circuit, it seems clear that Araujo's argument cannot survive *Escamilla. Escamilla* also was a case subject to § 2244(d)(1)(D), and it also was a case, like this one as we shall see in a moment, where the support for the claim of actual innocence involved facts which were subject to interpretation—that is, the claim of innocence was not clear-cut. It was not DNA evidence conclusively ruling him out as the perpetrator, for instance. We said Escamilla failed on two fronts:  he made an insufficient showing of actual innocence, and he did not establish that his petition was timely under § 2244(d).

Like Escamilla, Araujo has made an insufficient showing to raise the inference that he is actually innocent. He relies on postconviction testimony of Mendoza and Zaida Cintron; on his claim that Bishops gang members testified

falsely; on what he calls the exculpatory eyewitness account of Officer John Delgado; and on false gun evidence. We will review this evidence briefly.

As we noted, both Mendoza and Araujo were charged in the murder of Rodriguez. It was the State's theory that Araujo did the shooting. Mendoza's guilty plea was based on his admission that he was the "cover man" for Araujo. Now, Mendoza claims he was the shooter. At the time he testified at Araujo's postconviction hearing, he had only 3 or 4 years left to serve on his sentence for his participation in the murder, a fact which causes one to view his testimony with some skepticism. Zaida Cintron, who was an Ambrose gang member and Mendoza's girlfriend, testified at Araujo's trial that she was walking up the street and saw Araujo driving a maroon-colored car. She asked him for a ride, but he told her that he couldn't give her one because he needed to hide his gun because he "had done something." She said Araujo was alone in the car. At the postconviction hearing, Cintron testified that her trial testimony was false. She said she testified falsely to protect her boyfriend, Mendoza.

The state trial judge, who listened to these witnesses, found them incredible. He rejected Mendoza's testimony "not so much as for what he said, but for how he said it." He was also skeptical of Cintron's recantation, in part because she had been convicted of forgery, a conviction the judge found highly relevant on the issue of her credibility. The appeals court upheld these findings and the Illinois Supreme Court denied review. *People v. Araujo*, 184 Ill. 2d 560 (1999). As a general matter, of course, findings made in the course of a state court proceeding are presumed correct. 28 U.S.C. § 2254(d)(2); § 2254(e)(1).

The claim that somehow Officer Delgado's eyewitness account must now show that Araujo is innocent needs little comment. Delgado testified for Araujo at his trial. He said on the day of the shooting he was off duty when

he saw yet another person, Willie Perez, firing a gun between two parked cars. It is hard to see how that testimony can meaningfully be improved on. Furthermore, the claim that the Bishops gang members' testimony was false lacks support.

Finally, the ballistics evidence, tendered during the postconviction proceedings, showed that the .38 caliber pistol found in Araujo's home after the shooting was not the murder weapon. The bullet recovered from the victim was not fired from that weapon, a fact the prosecution conceded at the postconviction hearing. However, at trial the prosecution witness did not positively match the gun with the bullet and testified that the majority of weapons in the United States exhibited similar characteristics. The evidence Araujo offers falls short of showing that, in the face of the new ballistics evidence, the jury would have been unlikely to convict him. Even were actual innocence a freestanding exception to the time limits imposed by § 2244, Araujo would fail to show he should be allowed to proceed with his petition and to pursue his underlying constitutional claims. However, and most importantly, as we have said, it is clear that in this circuit, actual innocence is not a freestanding exception to the statute. For that reason, Araujo's petition is barred by the one-year statute of limitations. Accordingly, the judgment of the district court is AFFIRMED.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*