In the

# United States Court of Appeals
## For the Seventh Circuit

No. 04-4103

RICHARD GRAHAM,

*Petitioner-Appellant,*

*v.*

THOMAS G. BORGEN,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04-C-0630—**Lynn Adelman***, Judge.*

ARGUED APRIL 10, 2006—DECIDED APRIL 13, 2007

Before EASTERBROOK, *Chief Judge*, and RIPPLE and
ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Richard Graham contends
that a Wisconsin Court violated the double jeopardy
clause of the Fifth Amendment by imposing consecutive
sentences for felony murder and the lesser included felony
of armed robbery, a question to which we cannot turn, as
Graham failed to file his petition for a writ of habeas
corpus within the applicable limitations period.

## I.

On December 3, 1990, Graham signed a "Guilty Plea
Questionnaire, and Waiver of Rights Form" pleading guilty

to the offenses of felony murder and attempted armed robbery. The written judgment of conviction, dated February 11, 1991, states that Graham was sentenced to twenty years imprisonment for felony murder, with a penalty enhancement of ten years for the underlying felony, to be served consecutively. Graham did not file a direct appeal or motion for post-conviction review within twenty days of sentencing as required by Wis. Stat. §§ 808.04, 809.30. Almost twelve years later, on January 20, 2003, however, Graham employed an alternate post-conviction review procedure under Wis. Stat. § 974.06, to move the Wisconsin Circuit Court to modify his sentence on the grounds that the imposition of consecutive sentences for felony murder and the lesser-included felony of armed robbery violated the Double Jeopardy Clause of the Fifth Amendment. The Wisconsin Circuit Court denied Graham's motion to modify his sentence on January 24, 2003, concluding that Graham had been sentenced for but one crime—a decision with which the Wisconsin Court of Appeals agreed. The Wisconsin Supreme Court denied Graham's petition for review on April 20, 2004, prompting his petition for a writ of habeas corpus in the district court below, which he filed on June 30, 2004. On October 22, 2004, the district court denied his petition on the same ground as had the State court—that Graham was convicted of only one crime and therefore his sentence could not implicate the Double Jeopardy Clause. On November 19, 2004, Graham filed a timely notice of appeal to this court.

Graham argues to this court, as he did to the State courts and the district court below, that Wisconsin law forbids its courts from sentencing criminals to consecutive sentences for the greater and lesser-included offenses of felony murder, and that his sentence, therefore, violates the Double Jeopardy Clause. The government argues first, that Graham's petition for a writ of habeas corpus was not timely filed and, that even if it were, the State

court sentenced Graham for only one crime. Because we agree with the government that Graham's petition for habeas corpus was not timely filed, we have no cause to comment on the question of double jeopardy.

## II.

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the applicable statute of limitations for Graham's federal habeas corpus claim. Enacted in 1996, the AEDPA imposes a one-year statute of limitations for filing a federal habeas petition which runs from the latest of several dates specified as follows:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The statute is tolled during the time in which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending. 28 U.S.C. § 2244(d)(2). It can also be tolled in extraordinary circumstances outside of the petitioner's control. *Moore v. Battaglia*, No. 05-1118, 2007 WL 437937, at *3 (7th Cir. Feb. 12, 2007).

There is no dispute that section (d)(1)(A) provides the applicable statute of limitations in this case. Under this section, Graham's petition for writ of habeas corpus was timely if it was filed within one year of the date on which his judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Graham was sentenced on February 8, 1991. Under Wisconsin law, Graham had twenty days in which to seek post-conviction relief or to file a notice of appeal in the court of appeals. Wis. Stat. §§ 808.40(3), 809.30(2)(b)[1]. The State argues that the judgment became final by the conclusion of the expiration of the time for seeking direct review, or twenty days later.[2] Because this date preceded the April 24, 1996 effective date of the AEDPA,

---

[1] The government, citing Wis. Stat. § 808.04(1), claims that Graham had forty-five days within which to file a notice of appeal in the Wisconsin Court of Appeals. Under our reading, Wis. Stat. § 808.04(1) governs appeals in civil matters, and § 808.04(3) of that same statute governs criminal appeals and then references the time periods specified in § 809.30. In any event, it does not matter whether Graham had twenty or forty-five or even sixty days to file a notice of appeal, as he waited almost twelve years. Moreover, in cases such as this where the conviction preceded the effective date of AEDPA, our case law grants a grace period of one year from the effective date of the AEDPA—or until April 24, 1997—to apply for habeas relief. *See Araujo v. Chandler*, 435 F.3d 678, 680 (7th Cir. 2005).

[2] The state actually argues that the conviction became final forty-five days after his sentence was imposed. See footnote 1, *supra.*

however, Graham had one year from the date of the enactment of the AEDPA, or until April 24, 1997, to file his federal habeas corpus petition. *Araujo v. Chandler*, 435 F.3d at 680.

Graham, however, did not request post-conviction relief or an appeal under Wis. Stat. §§ 809.30 or 808.04 under the applicable time limitations. Instead, Graham waited almost twelve years and then filed a motion to modify his sentence pursuant to Wisconsin statute § 974.06 entitled "Postconviction procedure" which allows a prisoner to move to vacate, set aside, or correct a sentence, if the prisoner believes that the "the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." Wis. Stat. § 974.06(1). Under Wisconsin law, such a motion may be made at any time. *Id.* at § 974.06(2).

Graham's theory is that his motion under § 974.06 constituted "direct review" of his case and consequently, under 28 U.S.C. § 2244(d)(1)(A), his time to file a federal habeas corpus petition did not expire until one year from the conclusion of this direct review, or on April 20, 2005—one year after the Wisconsin Supreme Court denied review of his motion to modify his sentence under Wis. Stat. § 974.06. Graham filed his federal habeas petition on June 30, 2004, well within one year of what he insists was the conclusion of his direct review. The government, on the other hand, argues that Graham's conviction became final by the expiration of the time for seeking a direct appeal under Wis. Stat. § 808.04. Because this date preceded the April 24, 1996 effective date of the AEDPA, however, Graham had one year from the date of the enactment of the act—until April 24, 1997, to timely file his federal habeas corpus petition. Consequently, under

the government's view, when Graham filed his habeas petition on June 30, 2004, he was over eight years too late.

The sole question in this case boils down to whether Wisconsin Statute § 974.06 constitutes direct review for purposes of calculating "the date in which a judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A). The question as to whether Wisconsin construes § 974.06 as collateral or direct review is a question of state law generally left for the Wisconsin courts to determine. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("state courts are the ultimate expositors of state law" except in extreme circumstances). The federal courts, however, can determine the meaning of the words "conclusion of direct review or the expiration of time for seeking such review" in 28 U.S.C. § 2244(d)(1)(A), just as it can determine the meaning of other federal statutes that rely on state court procedures as trigger points. *cf. Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 477-87 & 479 n.8 (1975) (determining when a state court judgment was sufficiently final for Supreme Court review and noting that the state court's determination of finality was not controlling); *Richardson v. Gramley*, 998 F.2d 463, 465-66 (7th Cir. 1993) (determining whether a state court judgment was sufficiently final for purposes of applying a new rule of criminal procedure); *see also Richardson*, 998 F.2d at 470-71 (Rovner, J., dissenting) ("[W]ith respect to finality: The designation given the judgment by state practice is not controlling.")

The Wisconsin courts' own interpretation of the statute is certainly a good place to begin to determine whether the review is direct or collateral. The Wisconsin courts have not directly answered that question, but both the statute itself and the case law interpreting it offer undeniable evidence that § 974.06 is, in fact, a statute addressing collateral relief. As a preliminary matter, the

statute is entitled "[p]ostconviction procedure," and states
that it is available to a prisoner after the time for appeal
has expired. Wis. Stat. § 974.06. The Wisconsin courts
repeatedly and persistently refer to § 974.06 review as
collateral review. *See, e.g.*, *State v. Evans,* 682 N.W.2d 784,
795 (Wis. 2004) ("An appeal under § 974.06 is a civil
proceeding . . . and it is essentially the statutory sub-
stitute for a petition for writ of habeas corpus."); *State ex.
rel. Warren v. Schwarz*, 579 N.W.2d 698, 713 (Wis. 1998);
*State v. Jackson,* 688 N.W.2d 688, 689 (Wis. Ct. App.
2004); *State v. Lagundoye*, 659 N.W.2d 501, 505 (Wis. Ct.
App. 2003). In addition to referring to § 974.06 as collat-
eral review, the Wisconsin courts have noted particularly
that it cannot be used as a substitute for direct appeal.
*Sass v. State*, 216 N.W.2d 22, 24 (Wis. 1974), *Vara v. State*,
202 N.W.2d 10, 11 (Wis. 1972), *State v. Horton*, 536
N.W.2d 155, 158 (Wis. Ct. App. 1995).

Of course the title and labels, although helpful, are
far from dispositive, as "[o]rdinarily, for purposes of
applying a federal statute that interacts with state proce-
dural rules, we look to how a state procedure functions,
rather than the particular name that it bears." *Carey v.
Saffold*, 536 U.S. 214, 223 (2002). *See also Frasch*, 414
F.3d at 522 ("The nature of the review is the key to
determining whether it was collateral or direct review.").
Direct appeal statutes afford defendants the opportunity
to challenge the merits of a judgment and allege errors
of law or fact. *U. S. v. Addonizio*, 442 U.S. 178, 185 (1979).
Post-conviction appeals, on the other hand, provide an
independent and civil inquiry into the validity of a con-
viction and sentence, and as such are generally limited to
challenges to constitutional, jurisdictional, or other
fundamental violations that occurred at trial. *Id.* Wiscon-
sin's § 974.06 allows a prisoner to challenge her sentence
on only four grounds: "that the sentence was imposed in
violation of the U.S. constitution or the constitution or

laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." Wis. Stat. § 974.06(1). The first three of these grounds are the typical grounds of collateral attack—through this process a prisoner is not attacking the judgment on the merits, but rather lodging a secondary or collateral attack on the manner in which the judgment was obtained. The fourth catch-all seals the deal; Wisconsin statute § 974.06 allows a prisoner to lodge the three most common forms of collateral attack or make any other argument that the sentence imposed is "otherwise subject to collateral attack." Wis. Stat. § 974.06(1). In sum, the nature of the permissible attack under § 974.06 is that of a collateral review. Indeed, it is identical to the archetypical collateral review—that set forth by the federal habeas corpus statute, 28 U.S.C. § 2255.[3]

If the language of the statute itself does not make its purpose clear, the cases interpreting it surely do. Two years after § 974.06 went into effect, the Wisconsin

---

[3] Compare the language of Wis. Stat. § 974.06(1):

> the right to be released upon the ground that the sentence was imposed in violation of the U.S. constitution or the constitution or laws of this state, that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack.

with the federal habeas corpus statute, 28 U.S.C. § 2255:

> the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

Supreme Court set forth its purpose as a collateral review statute:

> The postconviction motion under sec. 974.06, Stats., is not a substitute for a motion for a new trial. A sec. 974.06 motion can be made only after the defendant has exhausted his direct remedies which consist of a motion for a new trial and appeal. A sec. 974.06 motion is limited in scope to matters of jurisdiction or of constitutional dimensions. The motion must not be used to raise issues disposed of by a previous appeal. Fundamentally, the motion was authorized as a substantial replacement for the petition for habeas corpus in this court. . . . Such issues as sufficiency of the evidence, jury instructions, error in admission of evidence, and other procedural errors cannot be reached by a sec. 974.06 motion.

*Peterson v. State*, 195 N.W.2d 837, 845 (1972).

Most importantly, § 974.06 functions and is treated as a collateral review statute in other critical ways. Claims that could have been brought on direct appeal, for example, are barred from consideration in a § 974.06 motion, just as they would be in any other form of collateral review. *Lo v. State*, 665 N.W.2d 756, 760 (Wis. 2003); *State v. Escalano-Naranjo*, 517 N.W.2d 157, 159 (Wis. 1994). Oddly, Graham relies heavily on this latter case, *Escalano-Naranjo*, to support his claim that a § 974.06 motion is the equivalent of a direct appeal. He does so because of a single sentence from the opinion which states, "nowhere in the statute is it stated that a sec. 974.06 motion should be treated differently from a direct appeal." *See* Graham's Reply Brief at 4 (citing *Escalano-Naranjo*, 517 N.W.2d at 163). The sentence in its entirety actually states, "nowhere in the statute is it stated that a sec. 974.06 motion should be treated differently from a direct appeal **or a sec. 974.02 motion** [a motion for

postconviction relief].” *Escalano-Naranjo*, 517 N.W.2d at 163 (emphasis added). Although truncated and isolated from its context, that sentence appears to support Graham's position that a § 974.06 motion is the same as a direct appeal. In its full iteration and in context, however, the sentence demonstrates just the opposite.

The issue in *Escalano-Naranjo,* was the proper interpretation of section 4 of § 974.06 which states, in relevant part,

> [a]ll grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the person has taken to secure relief may not be the basis for a subsequent motion.

§ 974.06(4). Escalano-Naranjo wished to make an ineffective assistance of counsel claim in a § 974.06 motion. Although he had filed earlier post-conviction motions, those motions had not contained an ineffective assistance claim. *Id.* at 161. The government claimed that the phrase “must be raised in his or her original, supplemental or amended motion” meant that any grounds for relief that could have been addressed in a previous appeal or motion for post-conviction relief, but were not, were waived. Escalano-Naranjo, on the other hand, argued that the phrase “original, supplemental or amended motion” referred only to an original, supplemental, or amended § 974.06 motion, and that therefore he was only precluded from raising an ineffective assistance of counsel claim if that claim had been waived in a previous § 974.06 motion—not if he had failed to raise it in a previous appeal or a previous motion for post-conviction relief. *Id.* at 161. The Wisconsin Supreme Court agreed

with the government and concluded that a prisoner could not bring a claim for § 974.06 relief if the grounds for that relief could have been raised, but were not, in a prior appeal or in a prior post-conviction motion. *Id.* at 162. It is in this context that the court held that, for purposes of determining waiver, a previous § 974.06 motion should be treated the same as a direct appeal or other forms of post-conviction relief—that is, failure to raise a claim in any of these fora where the claim could have been raised waives the availability of the claim in a future § 974.06 motion. *Id.* at 163. Indeed, *Escalona-Naranjo* further demonstrates the function of § 974.06 as a collateral relief statute. Like other forms of collateral relief, § 974.06 was not drafted to give prisoners multiple bites at the direct appeal apple, but to address issues of a constitutional dimension that could not have been addressed on direct appeal.

Wisconsin case law treats § 974.06 as collateral review in other contexts as well. For example, although Wisconsin courts, like federal courts, apply new rules of criminal procedure retroactively to cases on direct review, they do not apply such rules to cases on collateral review, including cases brought under § 974.06. *Lagundoye*, 674 N.W.2d at 532 (specifically noting that the rule of non-retroactive application of rules of criminal procedure to cases on collateral review applies to *all* § 974.06 motions); *Horton*, 536 N.W.2d at 159. In a final example, a criminal defendant in Wisconsin has no right to counsel for a collateral attack under § 974.06 as he would on direct appeal. *See State v. Evans*, 682 N.W.2d at 795 (Wis. 2004).

Although the evidence that § 974.06 constitutes collateral review is exceedingly clear, section 2 of the statute muddies the water just a bit. That section declares that a motion filed under § 974.06 "is part of the original criminal action, [and] is not a separate proceeding." Wis. Stat. § 974.06(2). Graham argues that this is key evidence

that § 974.06 is direct rather than collateral review. This section applies to all § 974.06 motions, however, and even under Graham's theory some (indeed most) motions under § 974.06 are collateral, that is, they follow an earlier direct appeal and challenge constitutional, jurisdictional, or other violations that occurred at trial. Yet § 974.06(2) applies to all motions under this section and not just to those filed in lieu of a direct appeal. The language of § 974.06(2) describing the motion as "part of the original criminal action, [and] not a separate proceeding," therefore, must mean something other than that § 974.06 constitutes direct review. In the very few cases which employ § 974.06(2) it appears to convey, not a distinction between direct and collateral review, but rather the proper route for appellate review. Specifically, in *State v. Brice*, 212 N.W.2d 596 (Wis. 1973), the Wisconsin Supreme Court concluded that § 974.06 was meant to indicate the path of appeal. At the time, certain civil appeals in Wisconsin could proceed directly to the Wisconsin Supreme Court. Since a motion under § 974.06 was a civil matter, the defendant, Brice, argued that he could file his § 974.06 motion directly in the Supreme Court. The *Brice* court concluded that because a motion for postconviction relief under § 974.06 was "part of the original criminal action, [and was] not a separate proceeding," motions made under § 974.06 follow the path of the underlying criminal matter. *Brice*, 212 N.W.2d at 597. In other words, if the defendant was convicted of a misdemeanor, his § 974.06 appeal would have to follow the route of a misdemeanor appeal. *Id.* It is in this sense that a motion under § 974.06 is part of the original proceeding.

We need not make too much of this particular slice of language of § 974.06(2) as we have already emphasized that it is the nature of the review provided and not the name or language describing it that determines whether the review is direct or collateral. For the reasons de-

scribed at length above, there can be no dispute that the review granted in § 974.06 is prototypical collateral review.

Our consideration of the inevitable fallout from Graham's proposed interpretation allows us to hammer the last nail into this coffin. If indeed § 974.06 constitutes direct review (at least, as Graham argues, in the case where a prisoner has filed no other direct appeal), and a motion under § 974.06 can be filed at any time, then Graham's interpretation would effectively eradicate the AEDPA's one-year statute of limitations for an entire class of convictions in Wisconsin State court. Prisoners could make an end-run around the federal limitations period by choosing to forgo an immediate direct appeal in contemplation of bringing a "direct" appeal under § 974.06 at some future time when the law or the court seemed more favorable. This is not to say that every prisoner would choose such a long shot; undoubtedly most would still prefer to challenge a sentence on direct appeal than to bank on some unknown constitutional defect coming to light in the future. Nevertheless, the fact that Graham's reading would eviscerate the AEDPA statute of limitations for a whole class of prisoners is surely something that the federal legislation did not contemplate. After all, the purpose of enacting the limitations period was "to curb the abuse of the statutory writ of habeas corpus, and to address the acute problems of unnecessary delay and abuse in capital cases. It sets a one year limitation on an application for a habeas writ and revises the procedures for consideration of a writ in federal court. " H.R. Conf. Rep. No. 104-518, at 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944. This court has previously held in a similar context that the federal courts cannot tolerate an interpretation of Wisconsin law that "would render the AEDPA limitations period ineffective as to all habeas petitioners who were convicted in Wisconsin state court." *Balsewicz v. Kingston*,

425 F.3d 1029, 1034 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 1160 (2006).

For the sake of thoroughness, we will cut one final argument off at the pass. Although we have concluded that § 974.06 review constitutes collateral review, Graham's § 974.06 petition did nothing to toll the federal habeas statute of limitations under 28 U.S.C. § 2244(2) ("the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section."). As we noted above, Graham had one year from the date of the enactment of the AEDPA, or until April 24, 1997, to file his federal habeas corpus petition. Graham did not have a properly filed application for collateral review pending at any time between the time when his judgment became final and April 24, 1997. Consequently his § 974.06 motion had no tolling effect whatsoever on the AEDPA statute of limitations. Graham's habeas petition is untimely and cannot be considered by this court.

## III.

For the foregoing reasons, the decision of the district court is AFFIRMED.

A true Copy:

       Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
