In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 06-3321

WILLIAM TEAS,

*Petitioner-Appellant,*

*v.*

JEFFREY P. ENDICOTT,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 06-C-759—**William C. Griesbach**, *Judge.*

———————

SUBMITTED JUNE 28, 2007—DECIDED JULY 13, 2007

———————

Before EASTERBROOK, *Chief Judge*, and COFFEY and
MANION, *Circuit Judges*.

EASTERBROOK, *Chief Judge*. William Teas was con-
victed in 2001 of arson and possessing a Molotov cocktail.
He did not file a timely appeal. During 2002 he asked
Wisconsin's courts to allow an untimely appeal. They
declined. Teas commenced a collateral attack in state
court during 2005, arguing among other things that his
lawyer had furnished ineffective assistance by missing
the deadline for appeal. He also continued to demand the
privilege of a belated appeal. On June 1, 2005, the Su-
preme Court of Wisconsin granted his petition for a writ of
habeas corpus, but the only relief this afforded was to
allow the court to entertain Teas's request for belated

review. The court added: "IT IS FURTHER ORDERED that the petition for review in No. 2001XX15239 is denied." Proceeding No. 2001XX15239 was the request for review as if on direct appeal.

Teas then turned to federal court under 28 U.S.C. §2254. The district court denied his petition as untimely. As the district judge saw things, the judgment became "final" as soon as the time for direct appeal expired in 2002, when the state's appellate court declined to allow any further extension. Teas had one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review", 28 U.S.C. §2244(d)(1), and took more than four, as his federal petition was not filed until July 14, 2006.

Teas maintains that the decision of June 1, 2005, was "the conclusion of direct review" in state court. Add one year plus 90 days within which to seek review by the Supreme Court of the United States, see *Clay v. United States*, 537 U.S. 522 (2003); *Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002), and you get August 30, 2006, making his federal petition timely.

The problem with this line of argument is that it implies that the "conclusion of direct review" in state court can happen twice (or more often). Nothing in §2244(d) implies that the time is reopened if the state court engages in multiple rounds of review that it calls "direct." Section 2244(d)(1) provides several triggers to restart the time, and §2244(d)(2) adds a tolling rule—time spent on collateral review in state court is excluded—but does not hint that there can be multiple layers of "direct" review, each starting a fresh year for a federal collateral attack.

*Evans v. Chavis*, 546 U.S. 189 (2006), and *Carey v. Saffold*, 536 U.S. 214 (2002), considered the effect of California's system under which a prisoner's petition to

the state's highest court must be filed within a "reasonable time." The Court held in both of these decisions that time between the end of review by the state's intermediate court, and the petition for review in the Supreme Court of California, is excluded from the one year allowed by federal law only if the petition is filed promptly, as federal courts understand that word, for otherwise no proceeding is "pending" and the federal time limit is not tolled. The Supreme Court of the United States thought that a few months might go by without demonstrating that no state proceeding was "pending", but that delay of a year or more in seeking review by the state's highest court means that nothing is pending in state court during the interim and the federal time limit expires. Although these decisions dealt with exclusion of time during postconviction review under §2244(d)(2), the Court's basic approach to §2244(d) is equally applicable if a state calls what is effectively post-conviction review "direct" review.

As in *Graham v. Borgen*, 483 F.3d 475 (7th Cir. 2007), it is unnecessary to decide under what circumstances (if any) post-conviction review is "direct" for the purpose of §2244(d)(1)(A). States doubtless have full control over the meaning of their own law, but §2244(d)(1)(A) is federal rather than state law, and the meaning of the phrase "conclusion of direct review" thus also is a matter of federal law to be resolved by federal courts. A state could not rename all post-conviction review as "direct" and thus nullify the time limits set by §2244(d); state terminology may affect how states conduct their internal processes but cannot be conclusive on a question of national law.

Several appellate decisions have asserted that a state's characterization of its own procedure determines whether review is "direct" or "collateral" for the purpose of §2244(d)(1)(A). See *Frasch v. Peguese*, 414 F.3d 518, 522 (4th Cir. 2005); *Orange v. Calbone*, 318 F.3d 1167, 1170 (10th Cir. 2003); *Bridges v. Johnson*, 284 F.3d 1201, 1202

(11th Cir. 2002). None of these decisions explained how the meaning of a federal statute could depend on state law, however. And although *Frasch* and *Orange* post-date *Carey v. Saffold*, neither decision addresses the Supreme Court's conclusion that the extent of states' authority to provide extra time for federal collateral review depends on federal law—a conclusion reinforced by *Evans v. Chavis*, which was issued after the most recent of the three appellate decisions we have cited. Our own decision in *Graham* recognizes the priority of federal law and is incompatible with any idea that states may define the meaning of the phrase "direct review" in a federal statute.

Not that it is necessary to reject a state's classification here. Wisconsin itself recognized the procedure as a form of collateral review. In March 2005 counsel representing Teas filed a petition for habeas corpus under Wis. Stat. §782.01, relying on *State ex rel. Schmelzer v. Murphy*, 201 Wis. 2d 246, 548 N.W.2d 45 (1996). The Supreme Court of Wisconsin granted this petition; the belated "direct" review thus was a form of *relief* granted on collateral review. This shows that the time under §2244(d)(1)(A) had expired long before Teas filed his federal petition—and, because no application for collateral review was "pending" in state court between January 2002 and March 2005, the tolling rule of §2244(d)(2) does not make the federal petition timely.

It is unnecessary for us to decide what would be the proper characterization under federal law if, on collateral review, the state judiciary vacates a prisoner's conviction or sentence, and a fresh conviction or sentence ensues. Cf. *Shepeck v. United States*, 150 F.3d 800 (7th Cir. 1998). Nothing of the kind happened to Teas, whose 2001 conviction and sentence still stand.

AFFIRMED

No. 06-3321 5

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*